581 P.2d 1156

**FAITH EVANGELICAL LUTHERAN CHURCH, and State Compensation Fund, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**William G. Nelson, Respondent Employee.**

**No. 1 CA–IC 1785.**

Court of Appeals of Arizona, Division 1, Department C.

May 25, 1978.

Rehearing Denied June 30, 1978.

Review Denied July 18, 1978.

Robert K. Park, Chief Counsel State Compensation Fund by J. Terence Fox, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Charles M. Wilmer, Phoenix, for respondent employee.

## OPINION

SCHROEDER, Presiding Judge.

The question raised in this special action—Industrial Commission is whether the hearing officer properly determined the respondent-employee's average monthly wage.

The respondent-employee, William G. Nelson, and his wife were hired to perform custodial duties for petitioner-employer, Faith Evangelical Lutheran Church. At the time of Mr. Nelson's accident in 1975, he and his wife were being paid $7,600.00 annually. Their pay checks reflected that two thirds of that amount was allocated to Mr. Nelson and one third to Mrs. Nelson. They also received from the church a residence which the hearing officer found had a reasonable value of $250.00 per month.

As a result of his industrial accident, petitioner-carrier, the State Compensation Fund, found that Mr. Nelson had suffered an unscheduled permanent injury, and set his total average monthly wage at $618.28. This amount, including $416.66 for monthly earnings and $201.62 for monthly lodging and utilities, represented two thirds of the couple's total monthly compensation. The Industrial Commission approved this figure on July 23, 1976.

Mr. Nelson filed a request for hearing on August 23, 1976, and contended that his average monthly wage should be higher than the sum established by the Industrial Commission. At this hearing, Mr. Nelson and the pastor of Faith Evangelical, the Rev. Charles H. Ruby, testified. Pastor Ruby testified that in order to reflect both of the Nelsons' employment, Mr. Nelson was paid two thirds of the salary and his wife was paid the other one third. Pastor Ruby stated that this salary breakdown was the result of an arbitrary decision and was not reflective of the amount of work performed by either Mr. or Mrs. Nelson. Pastor Ruby also testified that he believed that Mr. Nelson had performed approximately 85 to 90 percent of the work assigned to the Nelsons.

On February 4, 1977, the hearing officer entered an award finding Mr. Nelson's average monthly wage to be $750.83, representing 85 percent of the couple's total monthly remuneration.[1] The hearing officer affirmed his decision on review, and this appeal followed.

On appeal, the carrier argues that the hearing officer improperly computed Mr. Nelson's average monthly wage in that he should have adopted the amount established by the Industrial Commission which was based upon the employer's allocation of the couple's salary. This argument, however, misconstrues the purpose of the Workmen's Compensation Act. As stated by this Court in *Floyd Hartshorn Plastering Co. v. Industrial Comm'n,* 16 Ariz.App. 498, 494 P.2d 398 (1972), this goal is to determine a "realistic pre-injury wage base which can serve as a standard for comparison with the post-injury earning capacity of the injured workman." *Id.* at 504, 494 P.2d at 404. Thus, the emphasis in setting a workman's average monthly wage is on what the employee has actually earned for his labors. *Harvey Auto Supply, Inc. v. Industrial Comm'n,* 25 Ariz.App. 274, 276, 542 P.2d 1154, 1156 (1975). "The Industrial Commission may look beyond the amount actually paid to an employee in a given month if that amount does not represent the earning capacity of the claimant." *Id.*

Thus, the hearing officer made a reasonable interpretation from essentially undisputed facts. Both Mr. and Mrs. Nelson were employed by Faith Evangelical at a combined annual salary. The employer's division of their salary in a specific manner does not require the hearing officer to accept that breakdown as a true reflection of Mr. Nelson's earnings in setting his average monthly wage. Such a requirement could lead to absurd results. If, for the sake of

1. The hearing officer computed Mr. Nelson's average monthly wage as follows:

$7,600 (annual salary) ÷ 12 (months) = $633.33
85% of $633.00 = $538.33

85% of approximate monthly house and utility value ($250) = $212.50
$538.33 + $212.50 = $750.83

simplicity, the church had made all checks payable to Mrs. Nelson alone, then under the carrier's argument, Mr. Nelson would have a zero monthly wage. Such a result is clearly not contemplated by the law. *See Id.*

The record fully supports the hearing officer's decision, and under such circumstances, the award must be affirmed. *Micucci v. Industrial Comm'n,* 108 Ariz. 194, 195, 494 P.2d 1324, 1325 (1972).

The award is affirmed.

DONOFRIO and OGG, JJ., concurring.