584 P.2d 179

**Paula V. HOPKINS, Plaintiff-Appellant,**

v.

**FRED HARVEY, INC., Employer, Defendant-Appellee.**

**No. 3288.**

Court of Appeals of New Mexico.

Aug. 15, 1978.

Writ of Certiorari Denied Sept. 12, 1978.

Leof T. Strand, Albuquerque, for plaintiff-appellant.

Clarence R. Bass, Albuquerque, for defendant-appellee.

OPINION

SUTIN, Judge.

The question for decision is whether tips obtained by an employee who is a waitress and bartender should be included in the computation of compensation payments in a workmen's compensation case. This is a matter of first impression.

Section 59–10–12.13(A), N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1) reads in pertinent part:

[T]he average weekly wage of an injured employee shall be taken as the basis upon which to compute compensation payments and shall be determined as follows:

A. . . . "[W]ages" . . . shall be construed to mean the money

rate at which the services rendered are recompensed under the contract of hire . . . *either express or implied, and shall not include gratuities received from employers or others,* . . . but the term "wages" shall include the reasonable value of board, rent, housing, lodging *or any other similar* advantages received from the employer . . . . [Emphasis added.]

The trial court found that plaintiff earned, in addition to her hourly wage, an average of approximately $110.00 per week in tips. The court concluded that tips were gratuities and were not to be included in the determination of plaintiff's average weekly wage for purposes of computing her compensation payments. Plaintiff appeals. We reverse.

Colorado has a statute identical with § 59–10–12.13(A), supra. *Petrafeck v. Industrial Commission,* 554 P.2d 1097 (Colo. 1976). *Petrafeck* overruled a 42 year old prior decision that denied claimant's tips as part of her average weekly wage. The court held that to so construe the statute would render it unconstitutional. Citing a large number of jurisdictions in support thereof, Justice Erickson said:

In the 42 years that have elapsed . . a majority of the jurisdictions which have considered the same question which is before us today have reached a result that is diametrically opposed to that which reflected the judgment of this court in 1934. [554 P.2d at 1098.]

2 Larson's Workmen's Compensation Law, § 60.12 reads:

In computing actual earnings as the beginning point of wage-basis calculations, there should be included not only wages and salary but anything of value received as consideration for the work, as, for example, tips, bonuses, and room and board constituting real economic gain to an employee.

We do not find it necessary to cite all of the cases which support the general rule. When it is within the contemplation of the parties that tips are to be retained by an employee as part of his compensation, they are to be regarded as wages for compensation purposes.

Defendant quarrels with the cases cited, except, *Sturgill v. M & M, Inc.,* 329 A.2d 360 (Del.Supp.1974); that these cases are not concerned with statutes that specifically exclude "gratuities received from employers or others." Defendant relies on *Makris v. Top Hat Restaurant,* 16 N.J.Misc. 26, 195 A. 857 (1937), and *Durnil v. Grant,* 187 Kan. 327, 356 P.2d 872 (1960). *Makris* is a short opinion by a deputy commissioner of the Workmen's Compensation Bureau without the citation of authority. It did not influence a subsequent deputy commissioner who felt that *Makris* was erroneous and should not be followed. *Coates v. Warren Hotel,* 18 N.J.Misc. 122, 11 A.2d 436 (1940). *Durnil* did not involve "tips." These cases fall short of meeting the challenge of the general rule supported by extensive authority.

*Sturgill* said:

In brief, a gift or gratuity is not what one earns—it is what he receives without earning. [329 A.2d at 362.]

In the instant case, the trial court found:

At the time of sustaining said compensable accidental injury, plaintiff while employed as a cocktail waitress and bartender *was earning,* in addition to the hourly wage, an average of approximately $110.00 per week in tips. [Emphasis added.]

The word "gratuity" has many meanings. See, 38 C.J.S. p. 1073 (1943); 18A Words and Phrases, p. 435 (1956). If we followed dictionary definitions we could hold that "gratuity" was synonymous with "tip." But in workmen's compensation cases we do not make a fortress out of the dictionary to deny a workman adequate compensation benefits. It is a well known, notorious fact that waitresses are employed at a fixed salary with the further understanding that tips received are retained as further recompense for services rendered. The amount of tips received influences the amount paid the employee by the employer. *Coates,* supra. An employer and the compensation carrier

must not search a haystack for a needle to seek relief. Each time that it is done, they discover ultimately that the needle is not worth the search.

Reversed. This case is remanded to the district court (1) to set aside the judgment entered, (2) determine that the average weekly wage of plaintiff is $169.33 as found by the court and award plaintiff workmen's compensation benefits for total liability as provided by § 59–10–18.2, N.M.S.A.1953 (Vol. 9, pt. 1, 1975 Supp.) during the period of that disability, (3) award plaintiff a reasonable attorney fee for the prosecution of the case in the district court and, in its discretion, take into consideration the services of her attorney on this appeal.

IT IS SO ORDERED.

HERNANDEZ, J., specially concurring.

LOPEZ, J., concurs.

HERNANDEZ, Judge (Specially Concurring).

I think it important to reemphasize a part of § 59–10–12.13(A), supra: ". . . 'wages' . . . shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire . . . either express or implied . . . ." Ms. Rene Gaffin, regional personnel manager for the defendant testified:

"Q. Is it contemplated, then, by Fred Harvey and a prospective employee that that employee will receive tips as a cocktail waitress while working at the Airport Marina?

"A. Yes.

"Q. And that will be part of that employee's compensation for the efforts expanded by that employee?

"A. Yes."

The plaintiff when asked if she would have accepted employment with the defendant solely on the hourly wage that was offered answered: "Well, no, sir. Cocktail waitresses or bartenders live on their tips. Their pocket money is their wages." The foregoing establishes, without equivocation, that tips formed part of the compensation that the plaintiff was to receive under the contract of employment. The Supreme Court of Delaware when presented with the identical question we are confronted with here, stated the following in the case of *Sturgill v. M & M, Inc.,* supra:

". . . it is beyond dispute that the claimant 'earned' more than $24.00 for 48 hours of services. Since the employer paid her only 50¢ per hour, any amount of earnings in addition thereto necessarily came from tips. Common sense tells us that this employer did not simply agree to pay the claimant 50¢ and nothing more. . . . And the only reasonable conclusion from the undisputed facts is that any tips received by claimant were necessarily a very part of her contract of hiring.

.    .    .    .    .

We are not called upon to determine the nature or character of tips as between claimant and the employer's customers. To the latter, they may well have been (and are commonly) regarded as 'gratuities' and not part of the purchase price for food and services. But our inquiry is to the relationship between employer and waitress .    .    .  .

.    .    .    .    .

In short, this case falls under the general rule that when it is within the contemplation of the parties that tips are to be retained by an employee as part of his compensation, they are to be regarded as wages for compensation purposes."

*Southern Ry. Co. v. Black,* 127 F.2d 280 (4th Cir. 1942), was an action brought by four porters under the Fair Labor Standards Act of 1938 to recover minimum wages and liquidated damages. One of the questions presented on appeal was whether the trial court had erred in directing the jury to deduct from the amount of minimum wages the amount of the tips which plaintiffs had received. The court of appeals in affirming the trial court had this to say:

"The fact that the tips are received from the passengers rather than from defendants is immaterial, for they constitute the

very compensation which it was agreed between plaintiffs and defendants that plaintiffs should receive when they entered upon the service and a compensation which, while not paid by defendants, could not be received except as an incident to the service which defendants permit plaintiffs to render."

In New Mexico's Minimum Wage Act tips were taken into account in setting the wage scale. Section 59–3–22(C), N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, Supp.1975):

"All employers covered by subsection A of this section, who customarily and regularly receive more than forty dollars ($40.00) a month in tips shall be paid a minimum hourly wage of one dollar fifty cents ($1.50). All tips received by such employees shall be retained by the employees, except that nothing herein shall prohibit the pooling of tips among employees."

In situations such as this, it is my opinion, that tips are not "gratuities" (to the contrary they are wages) within the meaning of § 59–10–12.13(A), supra.