641 P.2d 848

**SENOR T'S RESTAURANT,**
Petitioner Employer,

**American Motorists Insurance Company,**
Petitioner Carrier,

v.

The **INDUSTRIAL COMMISSION OF ARIZONA,** Respondent,

**Ellen Osgood, Respondent Employee.**

No. 15695–PR.

Supreme Court of Arizona,
En Banc.

Jan. 18, 1982.
Rehearing Denied March 2, 1982.

Jennings, Strouss & Salmon by Steven C. Lester, Phoenix, for petitioners.

Calvin Harris, Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Law Offices of Chris T. Johnson, P.C. by Dennis R. Kurth, Phoenix, for respondent Emp.

HAYS, Justice.

This case is before us on a petition for review of a decision of the Court of Appeals, Division One, in *Senor T's Restaurant v. Industrial Commission,* 131 Ariz.App. 389, 641 P.2d 877 (App.1981). We granted review to consider whether tips received by an employee should be included in the calculation of an injured claimant's average monthly wage in a workmen's compensation award. We have jurisdiction pursuant to 17A A.R.S. Rules of Civil Appellate Procedure, rule 23, and A.R.S. § 12–120.24.

On September 8, 1978, respondent employee Ellen Osgood (claimant) sustained an industrial injury which was accepted for benefits by a Notice of Claim Status dated October 9, 1978. On December 7, 1978, The Industrial Commission determined that claimant's monthly wage was $425.80. A request for hearing on this finding was

filed and granted. Claimant testified that she worked 35 hours a week as a cocktail waitress and part-time bartender. Her rate of pay was $2.75 an hour. In addition to this hourly wage, claimant stated that she earned approximately $100.00 per week in tips. The petitioner employer, Senor T's, had a tip-reporting system whereby a tip slip was attached to each timecard given to the employee, and the employee was expected to fill out the tip slip along with the timecard. Claimant testified that she was unaware of the tip-reporting system and did not declare any tips. On January 22, 1980, the administrative law judge issued his findings and award which concluded that claimant should have $400.00 per month in tip income included in her average monthly wage determination. In reaching this conclusion, the judge relied on *Scott v. Industrial Commission*, 122 Ariz. 169, 593 P.2d 919 (App.1978), which held that tips are to be included in the computation of the average monthly wage. After a request for review, the administrative law judge affirmed the decision. Petitioners then brought a special action to the Court of Appeals, Division One, seeking to set aside the award and asking the Court of Appeals to overrule *Scott*. The Court of Appeals affirmed the award, and declined to overrule *Scott*.

Prior to the *Scott* decision, the Court of Appeals had construed A.R.S. § 23–1041 as excluding tips from the definition of "monthly wage."[1] *See Springer v. Industrial Commission*, 23 Ariz.App. 429, 533 P.2d 1166 (1975); *Industrial Commission v. Jordan*, 9 Ariz.App. 23, 448 P.2d 895 (1968). In both *Springer* and *Jordan*, the court expressed the opinion that assessment of premiums and payment of compensation on the basis of wages inclusive of tips was a matter requiring legislative action. In *Scott*, however, the court abandoned its earlier position and overruled itself, concluding:

"In our view, the results in *Jordan* and *Springer* fly in the face of statutory policy to fix compensation in relation to the economic loss sustained as a result of industrial injury."

122 Ariz. at 173, 593 P.2d at 923.

Finally, the Court of Appeals in the present case, in affirming the award of the administrative law judge, stated:

"We decline to [overrule *Scott*], not because we agree that tips ought to be included in computing a worker's average monthly wage, but because the principle of stare decisis should now be followed on this question. We agree with the court in *Jordan* that the issue is legislative in nature and that it should be addressed in the legislative process."

131 Ariz. at 390, 641 P.2d at 878.

Despite repeated invitations to the legislature to act in this area, § 23–1041(D) was reenacted without change following *Jordan*, *Springer* and *Scott*.

Initially, petitioners argue that the *Scott* decision amounted to judicial legislation and usurped powers reserved to the legislature. In support of this contention, they rely on dicta in *Jordan* and *Springer* and Judge Wren's dissent in *Scott* which all opined that the inclusion of tips within the definition of wages is a matter requiring legislative action.

█ We cannot accept petitioners' argument. One of the most elemental and basic functions of the judiciary is to interpret statutes passed by the legislature. A statute is open to interpretation where, in some respect, it is ambiguous. It is clear from a reading of § 23–1041(D) that the legislature did not expressly provide whether tips are to be included or excluded from the definition of "monthly wage"; there-

---

1. A.R.S. § 23–1041 provides, in pertinent part, as follows:

   A. Every employee of an employer within the provisions of this chapter who is injured by accident arising out of and in the course of employment, or his dependents in event of his death, shall receive the compensation fixed in this chapter on the basis of such employee's average monthly wage at the time of injury.

   D. The term "monthly wage" means the average wage paid during and over the month in which the employee is killed or injured.

fore, the statute may be reasonably considered ambiguous and is susceptible to judicial construction. Statutes which are ambiguous must be construed in view of the purposes they are intended to accomplish and the evils they are designed to remedy. *State v. Berry*, 101 Ariz. 310, 312, 419 P.2d 337, 339 (1966).

The underlying purpose of the Workmen's Compensation Act is to compensate an employee for lost earning capacity and to prevent the injured employee and his dependents from becoming public charges during the period of disability. *Stephens v. Textron, Inc.*, 127 Ariz. 227, 619 P.2d 736 (1980); *Prigosin v. Industrial Commission*, 113 Ariz. 87, 546 P.2d 823 (1976). The goal of the Act is to determine a realistic pre-injury wage base which can serve as a standard of comparison with the post-injury earning capacity of the injured worker; the emphasis in setting a worker's average monthly wage is on what the employee has actually earned for his labors. *Faith Evangelical Lutheran Church v. Industrial Commission*, 119 Ariz. 506, 507, 581 P.2d 1156, 1157 (App.1978).

We believe it to be a matter of common knowledge that waiters, waitresses, bartenders and the like, in most instances receive a substantial portion of their earnings in the form of tips. The hourly wage paid by the employer is quite low and is often less than the federal minimum wage. The reason for the low rate of pay is that both the employer and employee contemplate that tips will constitute part of the compensation under the contract of employment. We conclude that the purposes and policy of the Workmen's Compensation Act indicate that the computation of an injured employee's average monthly wage in this situation should reflect the claimant's actual earnings: the base rate of pay plus tips. The remedial purposes of the Act would be undermined by an interpretation of § 23–1041(D) which excludes tips from the definition of monthly wage. As Judge Nelson observed in his dissent in *Springer, supra* :

"To fix wage-loss calculations upon their base wages would result in so low an award as to not only wholly fail in the Act's purpose of taking care of the major portion of the loss during the period of injury, but to certainly fail to provide the minimum compensation necessary to protect the injured employee and any dependents from becoming public charges."

23 Ariz.App. at 432, 533 P.2d at 1169. We also observe that the overwhelming majority of courts which have considered the question have determined that tips should be included as wages. *See* Larson, 2 *The Law of Workmen's Compensation*, § 60.-12(a) at 10–564 (1981).

Petitioners argue, however, that the language of § 23–1041(D) indicates that the legislature did not intend to incorporate tips and gratuities within the average monthly wage calculation. § 23–1041(D) defines "monthly wage" as the "average wage *paid* during and over the month in which the employee is killed or injured." (Emphasis added). Petitioners maintain that the use of the word "paid" expresses a legislative intent that the "monthly wage" refers only to the actual amount of wages paid the employee by the employer. Petitioners fail to suggest, however, why the legislature would make such a distinction.

Application of petitioners' analysis to the restaurant business reveals the illusory nature of the argument. In the more typical situation, a waiter or waitress receives tips directly from the restaurant patron. Under petitioners' interpretation of § 23–1041, these employees would not be compensated for the loss of the tip earnings in the event of injury since the tips were not wages paid the employee by the employer. However, another method used by restaurants is to automatically add a stated percentage of the price of the meal as a gratuity to the final bill. The employee receives a wage directly from the employer which includes the gratuity paid to the restaurant. In this situation, the employee would be compensated for a loss of earnings which would include tip income, merely because it was received through the employer rather than directly from the customer.

■ We cannot discern any plausible reason why the legislature would have intended to treat the employees in these examples any differently. We must agree with the respondent employee that an interpretation of § 23–1041(D) which results in such an absurd distinction would be subject to attack on equal protection grounds under the United States and Arizona Constitutions. In *Petrafeck v. Industrial Commission*, 191 Colo. 566, 554 P.2d 1097 (1976), the Colorado Supreme Court reached a similar conclusion, stating:

"... An injured employee who received a straight hourly wage has the total amount of that wage considered in his award. An injured employee who received some part of her earnings, under the 'contract for hire' as tips does not receive equal treatment ... To exclude tips from an employee's average weekly wage requires that a penalty be imposed on all employees that depend, to some extent, on tips for their income.

"We do not perceive, and respondent does not propose, any rational basis for this differential treatment. The fact that the wages of an employee who receives tips as part of her contract of hire is more speculative and incapable of precise prospective determination than that of a straight hourly wage earner is an insufficient basis for distinction.... Moreover, mere considerations of administrative expediency are not alone generally perceived as forming a sufficient rational basis for an otherwise irrational distinction. [citations omitted]"

*Id.* at 569, 554 P.2d at 1099. *See also Hopkins v. Fred Harvey, Inc.*, 92 N.M. 132, 584 P.2d 179 (App.), *cert. denied*, 92 N.M. 180, 585 P.2d 324 (1978). In interpreting a statute, a court should avoid making the statute unconstitutional and give the statute a constitutional construction where possible. *Mardian Construction Co. v. Superior Court*, 113 Ariz. 489, 557 P.2d 526 (1976). We believe that an interpretation of § 23–1041 which includes tips within the definition of monthly wage is in harmony with the purposes of the Workmen's Compensation Act and avoids the possible constitutional in-firmities inherent in an interpretation which would exclude tips from wages. We therefore hold that tips should be included in the computation of the average monthly wage for purposes of determining the injured claimant's compensation.

■ The petitioner insurance carrier contends, however, that such a holding deprives it of property without due process of law because Department of Insurance regulations prohibit insurance carriers from including tips within the premium calculation process. *See Manual of Rules, Classifications, and Rates for Workmen's Compensation and Employer's Liability Insurance, rule VI, section 3.* Rule VI, as it exists in the national basic *Manual* issued by the National Council on Compensation Insurance, includes tips within the actual wages received by an employee for premium calculation purposes. The Arizona version of the rule, however, limits the wages to those "actual wages paid by the employer."

■ We are not impressed by petitioner's constitutional argument for the simple reason that insurance carriers are not compelled to insure businesses in which employees are earning tips. Nevertheless, a rule or regulation of an administrative agency should not be inconsistent with, or contrary to, the provisions of a statute, particularly the statute it seeks to effectuate. *Ferguson v. Arizona Department of Economic Security*, 122 Ariz. 290, 594 P.2d 544 (1979). Similarly, the rule or regulation should not be inconsistent with the interpretation given the statute by an appellate court. We are not convinced that the rule in question absolutely prohibits the insurance carriers from including tips in an employees' wage for premium calculation purposes. However, rule VI, section 3, of the *Manual* must be construed in accordance with the interpretation we give to § 23–1041(D); otherwise, the rule is invalid.

■ Anticipating a holding which approves *Scott*, petitioners in their reply brief seek an interpretation of § 23–1041 which would require that tips be reported to the employer in order to be included as part of

the "monthly wage." We note that in the present case, the claimant did not report her tip income to her employer even though a tip-reporting system was in effect. We agree with petitioners that it is inequitable to allow individuals to have unreported tip income included in the calculation of their average monthly wage when, in many instances, they do not report this tip income for social security or income tax purposes. Nevertheless, we decline to impose a tip-reporting requirement.

In *Dearing v. Arizona Department of Economic Security*, 121 Ariz. 203, 589 P.2d 446 (App.1978), the Court of Appeals held that tips were wages for purposes of the Employment Security Act provision defining wages. At the time of the decision, there was no provision in A.R.S. § 23–622 which excluded tips from the definition of wages. In response to *Dearing*, however, the legislature added § 23–622(B)(10), which excluded from wages any "tip, gratuity or service charge received by an employee which is not specified and collected by the employing unit." By this amendment, the legislature made clear that an employee could not receive unemployment insurance benefits based upon tip income if the tip income was not reported to the employer.

Petitioners point to § 23–622(B)(10) as evincing a legislative intent that employees desiring to have their tip income included in the calculation of their average monthly wage should be required to report the tip income to their employer. Although this is undoubtedly true for purposes of the Employment Security Act, we cannot judicially add a similar requirement for purposes of the Workmen's Compensation Act. Such a requirement must be enacted by the legislature as it did after the *Dearing* decision.

Finally, petitioners argue that *Scott* should not be retroactively applied to injuries occurring before the date of that decision. In *Scott*, the court stated that the ruling was "not to apply retroactively to claims closed prior to this day [December 1]." 122 Ariz. at 171, 593 P.2d at 921.

Generally, a decision which overrules earlier decisions is retrospective in its operation. *O'Malley v. Sims*, 51 Ariz. 155, 75 P.2d 50 (1938). An exception to this rule is made where contracts have been entered into in reliance upon a legislative enactment as construed by the earlier decisions. *Id.* at 161, 75 P.2d at 53. However, an important factor to be considered in deciding whether a civil case should be given retroactive application is whether or not substantial inequity may result. *Peagler v. Phoenix Newspapers, Inc.*, 114 Ariz. 309, 560 P.2d 1216 (1977).

██ Petitioners maintain that the insurance carrier entered into a contract of insurance with the employer based upon rates actuarially computed by application of § 23–1041 as it was construed by *Jordan* and *Springer*. The *Scott* case, however, did not purport to affect contractual rights between the insurance carrier and its insured, but rather the rights of an injured worker to obtain compensation. As was aptly stated by the Court of Appeals in *Hollywood Continental Films v. Industrial Commission*, 19 Ariz.App. 234, 236, 506 P.2d 274, 276 (1973), "While this right to obtain compensation may affect a contract of insurance covering that compensation, the effect is too .tenuous, in our opinion, to fall within the exception noted in *O'Malley v. Sims, supra.*" Further, in balancing the inequities which may result from applying *Scott* retroactively or prospectively, we believe that greater hardship would fall upon the injured workers should we, *at this date*, rule that *Scott* be applied prospectively. We believe that the court in *Scott* properly limited the effects of its ruling by expressly stating that it was not to apply retroactively to claims closed prior to the date of the decision.

The Court of Appeals opinion is vacated and the award is affirmed.[2]

GORDON, V. C. J., and STRUCKMEYER and CAMERON, JJ., concur.

2. An issue raised by the concurring judges in the Court of Appeals opinion was whether one

department of the Court of Appeals may overrule another. We decline to expressly rule on

HOLOHAN, Chief Justice (Dissenting):

The ambiguity found by the majority in A.R.S. § 23–1041 eludes me. The statute uses plain ordinary language which, in my judgment, needs no special construction.

A.R.S. § 23–1041(D) defines the term "monthly wage" as the average wage paid. The term "tip or tips" is not mentioned. In ordinary English usage "wages" are not the same as "tips," and there is no suggestion that "tips" are synonymous with "wages."

The members of the public including employees and employers understand that wages are paid by the employer and tips are gratuities from customers.

The majority brushes aside the problem that insurance carriers have in attempting to determine the risk involved. It is a poor answer to tell them not to write the insurance if they are having problems determining the average wage. Their problem is with inconsistent judicial decisions.

I dissent.

this question as it was not raised by the parties and is not essential to our determination. We are in general agreement, however, with the opinions expressed in Judge Froeb's special concurrence. *See Senor T's Restaurant v. Industrial Commission,* 131 Ariz.App. at 392, 641 P.2d at 880.