586

716 P.2d 43

Leonard L. NORTON, Petitioner,

v.

The INDUSTRIAL COMMISSION OF
ARIZONA, Respondent,

Scott Construction,
Respondent Employer,

State Compensation Fund,
Respondent Carrier.

No. 1CA–IC3138.

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 22, 1985.

Law Offices of Richard E. Taylor by
Donald F. Schaar, Phoenix, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund by John A. Flood, Phoenix, for respondents employer and carrier.

OPINION

JACOBSON, Chief Judge.

In this case we are faced with applying the Arizona Supreme Court's opinion in *Dutra v. Industrial Commission of Arizona,* 135 Ariz. 59, 659 P.2d 18 (1983) to scheduled injuries, where the claimant is unable to perform all of his pre-injury employment functions.

At the time of his injury, the claimant, Leonard C. Norton, was employed as a sheetmetal and air conditioning worker. Because of his injuries, which resulted in a 10% functional loss of use of his major left arm[1], the claimant was unable to perform certain aspects of the sheetmetal work.

At time of injury, the claimant had an average monthly wage of $1100 per month. After claimant's condition became stationary, though being unable to perform sheetmetal work, he was still able to ply his trade in air conditioning. He obtained employment as an air conditioning mainte-

---

1. The award entered in this matter refers both to a "left minor arm" and "left major arm". At time of oral argument, the parties stipulated that the claimant was lefthanded and therefore the injury was to a "major arm".

nance supervisor which paid him approximately $1800 per month. Rolled back to the date of injury, the claimant's post-injury average monthly wage exceeds his pre-injury earnings.

Based upon this evidence, the administrative law judge entered an award granting the claimant's scheduled benefits based upon a 10% physical functional impairment.

The claimant has sought review, claiming under *Dutra,* that he is entitled to benefits based upon 100% of his average monthly wage at time of injury. The claimant's argument is premised upon the specific holding in *Dutra,* that:

> We hold, however, that as to scheduled injuries, compensation is based upon the job the claimant was performing at the time of the injury. *Inability to perform the claimant's particular job* at the time of his injury must be considered in determining the extent of the workman's disability.
>
> *Id.* at 61, 659 P.2d at 20.

Claimant's argument is that since he can no longer perform the "particular job" of sheetmetal worker, he has suffered a "disability" at that job of 100%.

■ This court has recently, in the case of *Gomez v. Industrial Commission of Arizona,* 148 Ariz. 575, 716 P.2d 32 (App.1985), undertaken a critical analysis of the rationale and holding in *Dutra.* That analysis need not be repeated here. *Gomez* came to two basic conclusions: (1) that physical loss of use established by AMA guidelines and prior decisional law constitutes the minimum basis or "floor" for a scheduled award; and (2) "consideration should be given to the various physical requirements of the former occupation which claimant can no longer perform as compared to those physical tasks of his former

employment in which claimant's ability to perform is unaffected." Op. at 40.

*Gomez* recognizes that consideration of the second factor involves "considerable discretion" and that the "claimant's inability to perform certain tasks must be presented in sufficient detail to enable the administrative law judge to make an informed comparative evaluation thereof." Op. at 40.

We agree with this approach for to consider any other factors such as the effect of the scheduled injury on the claimant's loss of earning capacity is completely foreign to the scheduled injury concept and directly contrary to A.R.S. § 23–1044(H)[2].

■ However, in our opinion, earning capacity in the scheduled injury field, does have its place. Arizona has always recognized that the Workers' Compensation Act had as its main concern the effect of industrial injuries upon the ability of an injured worker to be gainfully employed. *Stephens v. Textron, Inc.,* 127 Ariz. 227, 619 P.2d 736 (1980). Thus, whether considering scheduled injuries or unscheduled injuries, the statutory system has as its main objective the determination of whether the injury resulted in a loss of earning capacity. *Raban v. Industrial Commission,* 25 Ariz.App. 159, 541 P.2d 950 (1975). The only difference between scheduled and unscheduled injuries is that as to scheduled injuries, the legislature presumed that a specific loss of earning capacity resulted, while in unscheduled injuries, compensation is based upon an actual showing of loss of earning capacity.

When the interplay between scheduled and unscheduled injuries is understood, it becomes clear that while a scheduled loss of physical function has a presumed loss of earning capacity, if such a loss does not result in an actual loss of earning capacity, it would be inequitable to pay the claimant

**2.** A.R.S. § 23–1044(H) provides in part:

Any single injury or disability listed in subsection B [scheduled injuries] ... shall be treated as scheduled under subsection B of

this section *regardless of its actual effect on the injured employee's earning capacity.* (emphasis added.)

more than the statutory presumptive amount. In our opinion, this is what *Dutra* means when it indicates that:

> Compensation then for a scheduled injury is made solely with reference to the salary[3] the workman was receiving at the time of the injury.

*Id.* at 61, 659 P.2d at 20

If, then, the claimant's post-injury "salary" i.e. average monthly wage is not affected by the scheduled injury, then of necessity, it must follow that the factors which *Dutra* requires "must be considered" do not come into play.

We therefore adopt the reasoning of *Gomez*, but hold that before the *Gomez* factors may be considered, the claimant's scheduled injuries must result in an actual loss of earning capacity which exceeds that of the statutory presumptive loss.

Applying this reasoning to the facts in this case, since the claimant did not show an actual diminution of earning capacity following his scheduled injury over and above the statutorily presumed loss, the administrative law judge properly limited claimant's recovery to his actual physical impairment.

Award affirmed.

KLEINSCHMIDT, P.J., and GREEN, J., concur.

---

**3.** As *Gomez* correctly points out, "salary" is not a valid consideration in setting scheduled injury awards, rather it is based upon "average month-ly wage" which equates more closely to earning capacity. *Senor T's Restaurant v. Industrial Commission,* 131 Ariz. 360, 641 P.2d 848 (1982).