728 P.2d 296

**The STATE of Arizona, Appellee,**

v.

**Jose Luis CAPERON, Appellant.**

**No. 2 CA–CR 3960.**

Court of Appeals of Arizona,
Division 2, Department A.

June 25, 1986.

Review Denied Nov. 12, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Robert S. Golden, Phoenix, for appellee.

Patrick C. Hurd, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was sentenced to 12 years in prison, an aggravated but not the maxi-

mum sentence, after he pled guilty to child abuse, a class two felony. The crime was a non-dangerous, but repetitive, offense which occurred while appellant was on probation.

On appeal appellant contends: 1) he was denied his constitutional right to competent counsel because the court refused to substitute his court-appointed counsel; 2) he should be sentenced in accordance with the prosecutor's original plea offer because the prosecutor's subsequent conduct was impermissibly vindictive, and 3) the court should have sentenced him to less than the term stated in the plea agreement. We find no merit to these contentions and affirm.

Appellant was charged with child abuse after his girlfriend's two-year-old son was injured. Appellant filed two pro se pretrial documents seeking the appointment of new counsel and alleging that his present counsel had lost hope in his case and did not represent appellant's best interests. There was no ruling on the first request since it was never set for hearing. The court, in denying the second motion, noted that counsel had filed many motions on behalf of appellant and "has done a lot of things ... that would suggest that he is actively trying to get a good result for you in the case."

Later, after the jury was selected at the start of trial, appellant's counsel moved for a change of plea and renewed appellant's motion to dismiss defense counsel. The court advised appellant he could accept the plea offered or the jury would be called in to try the case. Appellant elected to accept the plea and indicated to the court his dissatisfaction with his counsel because of negotiations involving a previous plea offer. The state had withdrawn an earlier plea offer containing a ten-year sentence because appellant had not timely accepted it.

At the time set for sentencing, the court rejected the plea agreement provision for a 15-year sentence because he believed it was excessive and suggested a 10.5-year sentence which the state rejected. The judge then recused himself from the case, and the case was assigned to another judge. The appellant's motion to recuse the prosecutor or for sanctions in connection with the plea offer was denied. Thereafter, appellant entered a plea of guilty and was sentenced to a 12-year prison term.

## DENIAL OF RIGHT TO COMPETENT COUNSEL

In Arizona, in order to prove ineffectiveness of counsel, appellant must establish that counsel's performance was not reasonable considering all the circumstances and that counsel's deficient performance prejudiced the appellant. *State v. Rossi*, 146 Ariz. 359, 706 P.2d 371 (1985); *State v. Nash*, 143 Ariz. 392, 694 P.2d 222, *cert. denied*, —— U.S. ——, 105 S.Ct. 2689, 86 L.Ed.2d 706 (1985).

Appellant does not claim his trial counsel's assistance was per se ineffective but rather contends he was denied his constitutional right to counsel by being forced to proceed through the legal process with an attorney in whom he had no confidence. *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) is dispositive of appellant's contention. That case held the Sixth Amendment does not guarantee a meaningful relationship between a defendant and his attorney. It is clear that appellant's trial counsel performed all pretrial matters in a comprehensive and competent manner. Appellant was unhappy with the fact that his counsel believed he would be convicted at trial and that he was concerned about the severe consequences appellant was facing (a 25-year sentence). At the final plea hearing, appellant indicated he was satisfied with the services of his attorney.

Appellant has failed to show ineffective assistance of counsel and, after reviewing the entire case, we have found no such showing. Sometimes the best service that defense counsel can offer his client is a good plea bargain. See *State v. Ellison*, 111 Ariz. 167, 526 P.2d 706 (1974).

## IMPERMISSIBLE CONDUCT BY PROSECUTOR

Appellant failed to timely accept the prosecutor's initial offer of a ten-year sen-

tence and shortly thereafter trial proceedings commenced. A plea agreement was then entered into under which appellant was to receive a 15–year sentence. This plea agreement was rejected by the trial judge who then recused himself. A new plea agreement was then entered into which was accepted by a different judge and under which appellant received a 12–year sentence.

Appellant now contends that because the state made an initial offer of ten years, the state should be bound by it even though appellant did not timely accept it pursuant to local rule. He contends that the prosecutor's insistence on a greater sentence in the second offer constitutes impermissible vindictiveness. We disagree. The record clearly shows that appellant freely accepted the 12–year offer. We find no evidence of prosecutorial punishment or retaliation in the plea-bargaining process so long as appellant remained free to accept or reject the offer. See *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984) and *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

## COURT'S SENTENCING DISCRETION IN PLEA AGREEMENTS

Appellant contends the court should have the right to impose a lesser sentence than the stipulated one. He contends the holding in *State v. Superior Court*, 125 Ariz. 575, 611 P.2d 928 (1980), that the trial court cannot vary the terms of the agreement, including the stipulated sentence, without the consent of the parties is without authority and should be ignored. Even were we inclined to so rule, we have no authority to do so. If the trial court disapproves of the terms of the agreement, it can reject the plea agreement. We find no error.

Affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.