737 P.2d 393

**STATE of Arizona, Appellee,**

v.

**Santiago Urquides FELIX, Appellant.**

**No. 2 CA–CR 4484.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 30, 1986.

Review Denied April 28, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Janet Keating, Phoenix, for appellee.

Stanfield, McCarville, Coxon & Fitzgibbons by Stephen R. Cooper, Casa Grande, for appellant.

## OPINION

### FERNANDEZ, Judge.

After a jury trial, the appellant was found guilty of attempted armed robbery. The jury also found that appellant has three prior felony convictions. He was sentenced to 11.25 years' imprisonment.

On appeal appellant contends that 1) the court should have granted his motion to dismiss because of prosecutorial misconduct, 2) there was insufficient evidence to support his conviction, and 3) the court erred in failing to instruct the jury on the lesser-included offenses of attempted robbery, assault, and attempted theft. We find no error and affirm.

On December 6, 1985, the victim stopped at a self-service Texaco gas station in Casa Grande, Arizona, to purchase gasoline. As the victim left the cashier's booth, appellant stepped behind him, poked him in the ribs with something and said either, "I have a light trigger finger" or "I have an itchy trigger finger." The victim asked appellant if he had a gun, and appellant replied, "Yes, I have a gun. Give me your money." The cashier noticed something was wrong and called the police. As the victim turned away to get his wallet, the cashier yelled at the appellant to leave. The victim then saw a nasal inhaler in appellant's hand. The police arrived soon after and arrested appellant, who was standing behind the service station. A nasal inhaler was found in appellant's right front pants pocket during the booking procedure.

## PROSECUTORIAL MISCONDUCT

At the preliminary hearing, the deputy county attorney offered appellant a plea agreement. Appellant's attorney asked for additional time to consider the proposal. The deputy county attorney then withdrew the offer, and appellant was bound over to the superior court at the close of the preliminary hearing. Prior to trial the state offered another, more severe, plea agreement. Appellant refused the offer and chose instead to go to trial.

Appellant now contends that the court erred in denying his motion to dismiss because of prosecutorial misconduct during plea negotiations. The misconduct he complains of is the harsher sentence proposed in the second offer.

■ We find no merit to this contention. We recently considered a similar contention in *State v. Caperon,* 151 Ariz. 426, 728

P.2d 296 (App.1986) in which we concluded, "We find no evidence of prosecutorial punishment or retaliation in the plea-bargaining process so long as appellant remained free to accept or reject the offer." 151 Ariz. at 428, 728 P.2d at 298. We find the same rule to be applicable here. Appellant has no constitutional right to any plea offer, much less to an offer with a particular charge and sentence. *State v. McInelly,* 146 Ariz. 161, 704 P.2d 291 (App.1985).

### SUFFICIENCY OF EVIDENCE

■ In claiming the evidence was insufficient to support the conviction, appellant argues that a nasal inhaler cannot constitute a simulated weapon. In 1983 the armed robbery statute was amended to include a simulated deadly weapon. A.R.S. § 13-1904(A) now reads as follows:

A. A person commits armed robbery if, in the course of committing robbery as defined in § 13-1902, such person or an accomplice:

1. Is armed with a deadly weapon or a simulated deadly weapon; or

2. Uses or threatens to use a deadly weapon or dangerous instrument or a simulated deadly weapon.

Although there are no Arizona cases interpreting the phrase "simulated deadly weapon," it is not a difficult phrase to understand and interpret. A.R.S. § 13-105(10) defines "deadly weapon" as "anything designed for lethal use. The term includes a firearm." "Simulate" is a word with a common, easily understood meaning which is defined as follows: "1. To have or take on the appearance, form, or sound of; imitate. 2. To make a pretense of; feign...." The American Heritage Dictionary 1142 (2d college ed. 1982). Appellant's use of a nasal inhaler to simulate the barrel of a gun pressed against the victim's body thus falls within the meaning of the term "simulated deadly weapon".

On appeal a reviewing court does not engage in reweighing the evidence. *State v. Tison,* 129 Ariz. 546, 633 P.2d 355 (1981), cert. denied, 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982). We find sufficient evidence was produced to support appellant's conviction.

### LESSER–INCLUDED OFFENSES

Appellant claims the trial court erred in refusing to instruct the jury on the following lesser-included offenses:

#### Attempted Robbery

■ Robbery is a lesser-included offense of armed robbery. A defendant is entitled to have the jury instructed on every lesser-included offense which is supported by the evidence. *State v. Rodriguez,* 125 Ariz. 319, 609 P.2d 589 (App. 1980). Before a lesser-included offense instruction can be given, there must be evidence upon which a jury could convict a defendant of the lesser offense. *State v. Schroeder,* 95 Ariz. 255, 389 P.2d 255, cert. denied, 379 U.S. 939, 85 S.Ct. 347, 13 L.Ed.2d 350 (1964). Here, there was no evidence that appellant committed the attempted robbery by any means except by being armed with a simulated gun. Had the jury not believed there was a simulated gun, there would have been no evidence upon which they could have found the existence of the requisite threat or use of force to find appellant guilty of attempted robbery. Therefore, we find no error.

#### Assault

Appellant also contends that the court should have instructed the jury on simple assault. When the evidence does not support the giving of a lesser-included offense instruction, the court is not required to give one. *State v. Williams,* 144 Ariz. 479, 698 P.2d 724 (1985). If the evidence shows that a defendant can only be guilty of the crime with which he is charged or not be guilty at all, a lesser-included offense instruction may not be given. *State v. Lamb,* 142 Ariz. 463, 690 P.2d 764 (1984).

■ The victim's testimony here was that appellant stuck an object in his back, told him the object was a gun and demanded his money. There was no evidence that appellant said or did anything which could be classified as simple assault. The jury's only choice was either to find him guilty of

attempted armed robbery or not guilty of anything. We find no error in the court's refusal to give a simple assault instruction.

### Attempted Theft

 Appellant did not request an instruction on attempted theft but now claims that failure to give the instruction is fundamental error. *State v. Thomas*, 130 Ariz. 432, 636 P.2d 1214 (1981). Theft is a lesser-included offense of armed robbery. *State v. Kinkade*, 147 Ariz. 250, 709 P.2d 884 (1985); *State v. McNair*, 141 Ariz. 475, 687 P.2d 1230 (1984). In order to warrant the giving of the lesser-included theft instruction, the evidence must show that the defendant intended to take property but without the use of force. *State v. McNair*, supra; A.R.S. § 13–1802(A).

There was no evidence here that appellant intended to take the victim's money without force. Therefore, we find no fundamental error in the court's failure to instruct the jury on the lesser-included offense of attempted theft.

Affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.