819 P.2d 975

**STATE of Arizona, Appellee,**

v.

**Kirk Anthony BOUSLEY, Appellant.**

**No. 1 CA–CR 90–887.**

Court of Appeals of Arizona,
Division 1, Department B.

April 2, 1991.

Redesignated as Opinion May 21, 1991.

Review Granted Nov. 5, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Janet Keating, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

Pursuant to a written plea agreement, the defendant pled no contest to two counts of armed robbery, each a class 2 felony, with one prior felony conviction, committed while on probation. At the time he entered his plea, he was completely advised of all of his constitutional rights and knowingly and voluntarily waived the same. The defendant was sentenced to an aggravated term of fifteen years flat time on each count, sentences to run concurrently with each other but consecutively to the sentence resulting from his probation violation. The defendant was ordered to pay $133 in restitution, a $100 felony assessment for each offense, and an $8 time payment fee. The judge further ordered that the defendant be given credit for 140 days of presentence incarceration.

The defendant raises the following two issues on appeal:

1. Did the factual basis for the plea support a conviction of armed robbery?

2. Did the defendant knowingly, intelligently, and voluntarily enter into his plea?

The defendant argues that the factual basis for the plea does not support a conviction for armed robbery because there is no evidence that the defendant committed the crimes with a deadly weapon, dangerous instrument, or simulated deadly weapon. The testimony regarding the factual basis follows. While robbing a convenience store, the defendant "simulated a gun in his pocket." Later that day while robbing another convenience store, the defendant "simulating a handgun under his shirt, approached the clerk at the counter ... and demanded all the money in the register, telling her that she should give it to him, or he's going to blast her."

The Arizona Supreme Court has recently held that the elements of armed robbery require that a weapon, whether an actual deadly weapon, a dangerous instrument, or a simulated deadly weapon, be used. *See State v. Garza Rodriguez,* 164

Ariz. 107, 112, 791 P.2d 633, 638 (1990). A mere verbal threat to use a deadly weapon, without an actual weapon, simulated or otherwise, will not suffice.

■ The evidence in this case is not sufficient to support a factual basis for a charge of armed robbery. There is no evidence that the defendant committed the crimes with an actual deadly weapon, dangerous instrument, or simulated weapon. Accordingly, we vacate the defendant's plea and reverse the convictions on the two counts of armed robbery and remand the cause for further proceedings consistent with this decision. *See State v. Stewart,* 131 Ariz. 251, 640 P.2d 182 (1982).

Because the matter is reversed and remanded on the first issue, we do not need to address the defendant's allegation that he did not knowingly, intelligently, and voluntarily enter into his plea agreement because the trial judge failed to advise him of his right to a separate jury determination on the alleged prior felony conviction and of the difference in sentences for the offenses as enhanced by the prior conviction compared to the sentences without the enhancement. We simply point the trial court to the recent Arizona Supreme Court decision in *State v. Barnes,* 167 Ariz. 186, 805 P.2d 1007 (1991).

GERBER, P.J., and LANKFORD, J., concur.