819 P.2d 1010

**STATE of Arizona, Appellee,**

v.

**Samuel Henry ELLISON, Appellant.**

**No. 1 CA–CR 90–971.**

Court of Appeals of Arizona, Division 1, Department E.

July 11, 1991.

Review Granted Nov. 5, 1991.

Grant Woods, The Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Div., Susanna C. Pineda, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

## OPINION

EHRLICH, Judge.

Samuel Henry Ellison, the defendant, appeals from his convictions for two counts of armed robbery and from the sentences imposed. We affirm the judgments.

## FACTS

By indictment, the defendant was charged with five counts of armed robbery, each a class 2 felony. The indictment later was amended to allege that three of the counts were dangerous felonies and that a conviction from any one or more of the five counts would serve as a *Hannah*[1] prior for any of the other convictions.

The defendant entered a written agreement to plead no contest to two counts of armed robbery, both class 2 and non-dangerous felonies. The agreement set forth the range of sentence, the maximum fine and the required payment of a felony assessment. The parties stipulated that the defendant would receive the presumptive term of seven years' imprisonment for one count followed by a five-year probationary term for the other count. The agreement also provided that the defendant would make restitution on each of the five counts in the indictment. The state agreed to dismiss the other three counts of armed robbery and its allegation of *Hannah* priors.

At the change-of-plea hearing, the prosecutor provided the factual basis as to one count of armed robbery: The defendant and an accomplice demanded money from a store clerk who told them that he had none. The defendant then went behind the counter and punched the clerk in the arm, at which time the clerk opened the cash register and the defendant and his companion took $74 before leaving the store. The two men "simulated that they had handguns in their pockets at the time that they were demanding the money."

The prosecutor also provided the factual basis as to the other count of armed robbery: The defendant's same companion entered another store and, "simulating a handgun under his shirt, demanded money from the clerk." The accomplice then took approximately $100 from the cash register, having "threatened to blast her [the clerk] if she did not open the register." The accomplice then left the store and got into a vehicle driven away by the defendant.

The trial court addressed the defendant personally and determined that the pleas were knowing, voluntary, intelligent and factually-based. Judgment and sentencing were postponed to permit preparation of a presentence report.

The presentence report subsequently submitted to the court provided as to one of the counts that "[b]oth of the men had their hands in their pockets, acting like they had weapons." It further stated that "according to the police reports, either the defendant or ... [his accomplice] carried a weapon or appeared to have a weapon."

At sentencing, the trial court accepted the defendant's pleas and sentenced him in accordance with the plea agreement. The defendant was given credit for 161 days of presentence incarceration and ordered to pay the requisite felony assessments and, as a term of probation, restitution in the amount of $432.53.

On appeal, the defendant relies on *State v. Garza Rodriguez*, 164 Ariz. 107, 791 P.2d 633 (1990), to argue that the factual bases were insufficient to support the pleas

---

1. *State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980).

of no contest to armed robbery. The defendant claims that because he and his accomplice only pretended to have handguns, the statutory requirements for armed robbery were not met. The state maintains that a robbery committed with simulated deadly weapons is armed robbery.

 Before a trial court may accept a defendant's plea, it must determine that the plea has a factual basis. Rule 17.3, A.R.Crim.P. The factual basis may be established by the extended record, including a presentence report. *State v. Limpus*, 128 Ariz. 371, 376–77, 625 P.2d 960, 965–66 (App.1981). Sufficient evidence must be presented as to each element of the offense to which a defendant pleads. *State v. Johnson*, 142 Ariz. 223, 224, 689 P.2d 166, 167 (1984); *State v. Carr*, 112 Ariz. 453, 455, 543 P.2d 441, 443 (1975). However, the court need only be satisfied that there is strong evidence of a defendant's guilt; it need not determine guilt beyond a reasonable doubt. *State v. McGuire*, 131 Ariz. 93, 95, 638 P.2d 1339, 1341 (1981).

A person commits armed robbery if, in the course of committing robbery,[2] that person or an accomplice[3] is either "armed with a deadly weapon or a simulated deadly weapon" or "uses or threatens to use a deadly weapon or dangerous instrument or a simulated deadly weapon." A.R.S. § 13–1904(A). The trial court determined that the defendant on one occasion presented himself as armed with a deadly weapon, a handgun, and that, on the other occasion, had an accomplice who similarly posed as having a deadly weapon and, in fact, threatened the use of a handgun. Although on neither occasion was a deadly weapon shown, in each case, its existence was simulated.

 In *Garza*, the defendant was convicted of armed robbery using a simulated deadly weapon. 164 Ariz. at 108, 791 P.2d at 634. The evidence established that the defendant approached a gas station cashier and, keeping her right hand out of sight, demanded money. *Id.* When the cashier smiled in disbelief, the defendant stated that she was serious and threatened to "shoot the smile off" the cashier's face. *Id.* The cashier then gave the defendant money and cigarettes and the defendant fled. *Id.* At trial, the cashier testified that although the defendant implied that she had a gun, he never saw the defendant's hands nor did the defendant make any movements to indicate that she had a gun. *Id.* On a subsequent petition for review, the Arizona Supreme Court found that the evidence as to the armed robbery was insufficient and reduced the offense to robbery. *Id.* at 112–13, 791 P.2d at 638–39.

Arizona's armed robbery statute was modified in 1983 to add the words "or simulated deadly weapon." The pre–1983 statute also had included an evidentiary presumption which considered any article fashioned or used in a deadly or dangerous manner as a deadly or dangerous weapon until proven otherwise. The legislature changed this to an element of the crime of armed robbery in order to prohibit a defendant from overcoming the presumption by proving that the article involved was unloaded, unworkable or a fake. *Id.* at 110–11, 791 P.2d at 636–37.

In *Garza*, the court held that the "simulation" required by law "is not that a robber feigns or pretends to have a weapon on their person but rather that the person commits the robbery with a pretend deadly weapon." *Id.* at 112, 791 P.2d at 638. The court referred to *State v. Felix*, 153 Ariz. 417, 419, 737 P.2d 393, 395 (App.1986), in which this court had held that the defendant's use of a nasal inhaler to simulate the

---

**2.** "A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property." A.R.S. § 13–1902(A).

**3.** An accomplice is defined as "a person … who with the intent to promote or facilitate the commission of an offense: (1) Solicits or commands another person to commit the offense; or (2) Aids, counsels, agrees to aid or attempts to aid another person in planning or committing the offense. (3) Provides means or opportunity to another person to commit the offense." A.R.S. § 13–301.

barrel of a gun pressed against the victim's body constituted a "simulated deadly weapon" within the meaning of the revised armed robbery statute. *Garza,* 164 Ariz. at 112, 791 P.2d at 638. The distinguishing fact in *Garza* seemingly was that the victim never saw anything resembling a weapon; the defendant only implied that she had a gun when she threatened to "shoot the smile off" the victim's face. *Id.* A "weapon, whether it be an actual deadly weapon, a dangerous instrument, or a simulated deadly weapon, must actually be present and used in a threatening manner...." *Id.*

Here the facts extend beyond those presented in *Garza.*[4] The supreme court did not define "pretend deadly weapon" to exclude a part of a defendant's body and, in this case, the defendant and his accomplice did more than simply imply that they had guns. They committed the robberies by positioning their hands to make their hands appear as if they instead were deadly weapons. This is factually more like *Felix* than *Garza.* Indeed, the phrase in *Garza* "any other article fashioned to resemble a deadly weapon" to describe what that cashier did not see during the robbery and therefore why the facts did not support an armed robbery conviction is consistent with this interpretation. *See* 164 Ariz. at 112, 791 P.2d at 638. The fact that the defendant and his accomplice did not use an "article" such as a nasal inhaler or, for that matter, a water pistol, is immaterial. The victim's perception is the same whether the weapon appears to be or is in fact real; the perpetrator has created "a life endangering environment" with the same "potential for increased danger to, or sudden and violent reaction by, the victim or bystanders." *Id.* at 111, 791 P.2d at 637.

This conclusion also was reached in *People v. Jury,* 3 Mich.App. 427, 142 N.W.2d 910 (1966). In that case, the defendant demanded money from a storekeeper while keeping his right hand covered as if he had a gun. *Id.* at 429, 142 N.W.2d at 911. The defendant was convicted of armed robbery under a statute which required the robber to be "armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, ..." *Id.* On appeal, the defendant argued that the testimony failed to show that he was armed with a dangerous weapon or used any article fashioned in a manner to lead the victim to believe he was so armed. *Id.* at 428–29, 142 N.W.2d at 911. In upholding the conviction, the court noted that the testimony "raised an issue of fact as to whether the defendant did in fact use and fashion a combination of his hand and a covering over it in such a manner as to resemble a gun causing the storekeeper to reasonably believe it was a dangerous weapon." *Id.* at 432, 142 N.W.2d at 913. *See also People v. Burden,* 141 Mich.App. 160, 165, 366 N.W.2d 23, 26 (1985) (a concealed hand, held to resemble a pistol, may satisfy the "armed" element of armed robbery, as distinguished from cases when there is no evidence the victim saw a weapon or other article fashioned to simulate a weapon).

In this case, the evidence presented to the trial court was sufficient to establish that the defendant and his accomplice committed two counts of armed robbery when, in the course of committing robberies, they simulated deadly weapons using a combination of their hands and clothing.

We have searched the record for fundamental error pursuant to A.R.S. § 13–4035 and have found none. The convictions for armed robbery and the sentences imposed are affirmed.

CONTRERAS, P.J., and McGREGOR, J., concur.

---

4. In the recent opinion of *State v. Bousley,* 169 Ariz. 389, 819 P.2d 975 (App.1991), petition for review filed May 22, 1991, another department of this court, applying *Garza* to the same facts as are presented in this case, held that the evidence concerning the defendant's accomplice was insufficient to support a factual basis for armed robbery. We decline to follow this opinion. *Senor T's Restaurant v. Industrial Comm'n,* 131 Ariz. 360, 365–66 n. 2, 641 P.2d 848, 853–54 n. 2 (1982).