494 P.2d 34

**STATE of Arizona, Appellee,**

**v.**

**William H. VAN VLIET, Appellant.**

**No. 2080.**

Supreme Court of Arizona,

In Division.

March 1, 1972.

Rehearing Denied March 28, 1972.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by William Carter and Anne Kappes, Deputy Public Defenders, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant, William H. Van Vliet, appeals from a conviction in the Superior Court of Maricopa County and sentence imposed thereon of 5 to 6 years for Armed Robbery.

The facts disclose that on March 17, 1969, Appellant entered a wholesale grocery warehouse, owned by Alfred M. Lewis Co., and at gunpoint forced the manager, John Griffin, along with two fellow employees into a walk-in icebox and proceeded to take approximately $195.00 from the cash register. Subsequently the defendant was arrested and charged with armed robbery.

The information filed against the defendant charged him with Armed Robbery of "ALFRED M. LEWIS, INC.," in violation of A.R.S. § 13–641 and § 13–643, as amended 1967. The defendant was arraigned and plead not guilty to the information. On the day of trial the County Attorney moved to "amend" the information by changing the victim's name from "JOHN M. LEWIS, INC." to "JOHN GRIFFIN." Defense counsel stated: "No objection," and the court ordered the amendment. The matter proceeded to trial, and the defendant was convicted.

The issues presented by counsel for Appellant center on the sufficiency of the information and amended information. Counsel advances essentially two propositions: first, that the original information did not charge an offense; and second, since the Appellant was never arraigned on the amended information the only one to charge an offense, the court had no jurisdiction to try Appellant.

Appellant contends that the original information did not charge a public offense since the essence of robbery is the felonious taking of personal property from the possession of another and against his will by use of fear or force, and such an act cannot be perpetrated against an inanimate object such as a corporation.

The validity and sufficiency of an information is governed by Rule 115, Rules of Criminal Procedure, 17 A.R.S.

"Rule 115. Charging the offense

"A. The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one or more of the following ways:

"1. By using the name given to the offense by the common law or by a statute.          .     .    .  .  .

"2. By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged."

An information is valid if it apprises the defendant of the essential elements of the crime charged, is sufficiently definite to advise him of what he must be prepared to meet, and protects him from further prosecution for the same offense. State v. Maxwell, 103 Ariz. 478, 445 P.2d 837 (1968); State v. Double Seven Corp., 70 Ariz. 287, 219 P.2d 776 (1950); Dunn v. State, 50 Ariz. 473, 73 P.2d 107 (1937). An information is sufficient if it clearly sets forth the offense in such manner as to enable a person of common understanding to know what is intended. Simplicity rather than technicality is the goal to be achieved. State v. Terrell, 103 Ariz. 453, 445 P.2d 429 (1968).

Counsel for the State urges that the original information meets all of the above tests. It is asserted that the information

was definite enough to advise the Appellant that he was charged with armed robbery on a date certain and at a definite location, and if any further information was needed it could have been requested by a Bill of Particulars under Rule 116, Rules of Criminal Procedure. It is the view of the State that the change in the information merely supplied an omission in form and was properly allowed under Rule 145, Rules of Criminal Procedure.

■ If the nature of the offense is not changed by the amendment it will generally be considered an amendment to the information for which no rearraignment is necessary. State v. Butler, 9 Ariz.App. 162, 450 P.2d 128 (1969). The nature of the offense remained the same after the amendment, and the allowed amendment merely supplied a defect in the description of the person robbed.

■ In this cause, whether the matter is treated as an amendment to the information or an amended information is not crucial because there was no objection to the amendment nor to proceeding to trial.

"Rule 165. Failure to arraign; irregularity of arraignment

"Neither a failure to arraign nor an irregularity in the arraignment shall affect the validity of any proceeding to the action if the defendant pleads to the indictment or information or proceeds to trial without objecting to such failure or irregularity."

Any irregularity in failing to rearraign the Appellant was waived by the action of counsel in allowing the amendment and in proceeding to trial on the information as amended.

There being no error in the proceedings the judgment and sentence of the trial court are affirmed.

CAMERON, V. C. J., and STRUCKMEYER, J., concur.