502 P.2d 158

**STATE of Arizona, Appellee,**

**v.**

**Paul JORGENSON, Appellant.**

**No. 2405.**

Supreme Court of Arizona,
In Division.

Oct. 19, 1972.

Rehearing Denied Nov. 14, 1972.

Supplemental Order Dec. 12, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by
John S. O'Dowd, Asst. Atty. Gen., Tucson,
for appellee.

Howard A. Kashman, Former Pima
County Public Defender, Edward P. Bold-
ing, Pima County Public Defender, by
Eleanor Daru Schorr, Deputy Public De-
fender, Tucson, for appellant.

HAYS, Chief Justice.

Paul Jorgenson was charged with one count of robbery and one count of aggravated assault. He was tried, convicted and received concurrent sentences of ten to ten years six months and three to five years, respectively.

On August 13, 1970, Jorgenson and a friend, Gerry Fitzpatrick, went to an after-hours bar. They struck up an acquaintance with Glendon Barth, the victim, who offered the defendant a ride home. Barth and Jorgenson left, stopped briefly at Jorgenson's home and continued on to the victim's apartment. About twenty minutes after their arrival, Fitzpatrick knocked on the door which the defendant opened. Virtually simultaneously with the opening of the door, Barth was hit on the head with a tire iron brought by Fitzpatrick. He fell to the floor and when he attempted to get up was hit again. The defendant began looking around the apartment and Barth escaped but was dragged back to the apartment by the two defendants and bound, gagged and blindfolded. They then left with $4.00 and a television in an old suitcase. Barth later crawled to a neighboring apartment and was taken to the hospital where his head wound was sutured and he was hospitalized for a week.

The first question presented on appeal is whether Jorgenson can be convicted of both robbery and aggravated assault. Defense argues that both convictions cannot stand under Arizona's double punishment statute, ARS § 13–1641:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

This court recently applied § 13–1641 in a similar case, State v. Jernigan, 108 Ariz. 97, 492 P.2d 1204 (1972), and reaffirmed Arizona's commitment to the "identical elements" test, as stated in State v. Westbrook, 79 Ariz. 116, 285 P.2d 161 (1954).

"We need to determine, then, whether the two crimes charged in this case are based on the same act or omission, in other words, whether the two crimes have identical components." 79 Ariz. at 118, 285 P.2d at 162.

Robbery is defined in ARS § 13–641 as "the felonious taking of personal property in the possession of another from his person or immediate presence, and against his will, accomplished by means of force or fear." Under the sections of ARS § 13–245 applicable in the instant case, assault is aggravated if committed in a private home, or when serious bodily injury is inflicted or when committed with premeditation and by the use of means calculated to inflict great bodily injury.

The facts in this case support defendant's contention that both convictions cannot stand. The acts which supplied the necessary elements of force and fear required under ARS § 13–641 for a robbery conviction are the same acts necessary to supply the essential elements for a conviction under ARS § 13–245.

Time span, although short here, is not controlling. State v. Tinghitella, 108 Ariz. 1, 491 P.2d 834 (1971). And there are, of course, fact situations which would permit convictions for robbery plus connected violent crimes. See, for example, State v. Boag, 104 Ariz. 362, 453 P.2d 508 (1969), where the defendant robbed his victims and then committed mayhem and assaulted them with intent to commit murder. In the instant case, however, the force used was that force necessary to subdue the victim to commit the robbery. The elements of assault were those same elements included in the crime of robbery.

We therefore hold that the conviction for aggravated assault cannot stand. The sentences on the robbery count and the aggravated assault count were to run concurrently, so remand for resentencing is unnecessary.

■ In addition, defendant Jorgenson contends that it was prejudicial error for the court to deny a request for an election of counts prior to the submission of the case to the jury and cites State v. Hunt, 2 Ariz.App. 6, 406 P.2d 208 (1965) in support of this contention. The trial court in the instant case allowed both the aggravated assault charge and the robbery charge to be submitted to the jury and the jury returned a verdict of guilty on both counts. In *Hunt,* the trial court allowed three charges to be submitted to the jury and the jury found against the defendants on all three. The crucial difference is that in *Hunt* all three statutes charged defendants with the same crime of child neglect, and differed only as to who might have been a perpetrator, a parent, a guardian, or a person with custody of a child. In *Jorgenson* the counts submitted to the jury were not mere duplications of one another. That the elements necessary for a conviction for aggravated assault were the same as some of the elements necessary for a robbery conviction, prevents a conviction for both counts under § 13–1641, but the mere submission of both counts to the jury is not so prejudicial to the defendant as to be reversible error. State v. Swartz, 14 Ariz. App. 531, 484 P.2d 1060 (1971).

■ Defendant Jorgenson also assigns as error the trial court's admission of certain of his statements for impeachment purposes without a voluntariness hearing. After his arrest, Jorgenson made several statements to the transportation officer who was to drive him to the station which were inconsistent with his testimony at trial. Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), holds that an accused's prior inconsistent statements not admissible under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966), may be used to impeach the defendant's credibility if he elects to testify. The rationale of the Court is as follows:

"Having voluntarily taken the stand, petitioner was under an obligation to speak truthfully and accurately, and the prosecution here did no more than utilize the traditional truth-testing devices of the adversary process. . . . The shield provided in Miranda cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances. . . ." 401 U.S. at 225–226, 91 S.Ct. at 645–646, 28 L.Ed.2d at 4–5.

The trial court properly instructed the jury that Jorgenson's statement to the officer was to be considered solely for impeachment purposes and not as evidence to establish the prosecution's case in chief.

At the trial, defendant's counsel requested a hearing on the voluntariness of the statements used for impeachment. He now contends that failure to grant this request was reversible error.

Once again we must refer to the *Harris* case, *supra,* wherein Chief Justice Burger in the majority opinion indicated that this type of impeachment evidence is admissible, ". . . provided of course that the trustworthiness of the evidence satisfies legal standards." He further notes that in the *Harris* case there was no claim that the statements were coerced or involuntary.

■ From the foregoing, we reach the conclusion that a hearing outside the presence of the jury should have been had to test the trustworthiness of the impeachment evidence in the light of defendant's contention that they were not voluntarily made.

Our holding in this case is as follows: The defendant's conviction for aggravated assault is set aside and the sentence thereon vacated. The case is remanded to the Superior Court of Pima County for the limited purpose of conducting a hearing to determine the voluntariness of the impeachment statements. After such hearing, the Superior Court shall make findings and forward the same to this court, together with a transcript of the hearing. Either

party may have 10 days from the filing of said findings and transcript with this court in which to file objections thereto.

Remanded.

CAMERON, V. C. J., and HOLOHAN, J., concur.

Supplemental Order

Ordered: Overruling the Objections to the Findings of the Trial Court re voluntariness.

Further Ordered: Affirming the judgment of conviction on the robbery count.