709 P.2d 542

**The STATE of Arizona, Appellee,**

v.

**Clyde Terry SOWARDS and Roger Gene Ison, Appellants.**

**No. 2 CA–CR 3415.**

Court of Appeals of Arizona, Division 2.

Nov. 13, 1984.

Robert K. Corbin, The Atty. Gen. by William J. Schafer, III, and Stanley L. Patchell, Phoenix, for appellee.

Wallace R. Hoggatt, Douglas, for appellant Sowards.

Robert J. Snyder, Sierra Vista, for appellant Ison.

## OPINION

BIRDSALL, Chief Judge.

Appellants' arrest and convictions stem from a May 20, 1983, incident in Benson. Appellants were tried together and the charges and verdicts against them are substantially alike. However, some differences in special verdicts and in sentencing exist, and the issues on appeal differ in several respects. Following a discussion of the facts and the verdicts returned, we will discuss each appeal separately.

Appellants Ison and Sowards and Sowards's brother, Robert, entered the Blossom Shop, a small florist shop in Benson, on the afternoon of May 20, 1983. After some moments in the shop, they threatened the proprietor, Mrs. Smith, with a knife, and took money from the store's cash box. They took the keys to the van belonging to the shop or Mrs. Smith, after first mistakenly taking the wrong set of keys from her purse. They took Mrs. Smith to a small bathroom in the back and bound her. While this was occurring, Mrs. Smith's cousin, Frank Wells, entered the shop. He was threatened at knife point, robbed, and forced into the back where the assailants began to bind him. At that point, Benson police and a Department of Public Safety officer arrived, having been alerted by the proprietor of a neighboring shop who had become suspicious at the appearance of the three men. The three were promptly apprehended, and the two victims were released. Robert Sowards pled separately to the charges and was sentenced and is not a party to this appeal.

Both appellants were found guilty by a jury of the following: Count I, armed robbery of the Blossom Shop, a Class 2 felony; Count II, armed robbery of Frank Wells, a Class 2 felony; Count III, theft of the Blossom Shop, a Class 1 misdemeanor; Count IV, theft of Frank Wells, a Class 1 misdemeanor; Count V, aggravated assault of Mrs. Smith, a Class 3 felony; Count VI, aggravated assault of Frank Wells, a Class 3 felony; Count VII, kidnapping of Mrs. Smith, a Class 2 felony; and

Count VIII, kidnapping of Frank Wells, a Class 2 felony.

The jury also returned two verdicts against each appellant of simple assault on each victim, which were vacated as being lesser-included offenses of the aggravated assaults. Subsequent special verdicts and sentences will be discussed with respect to each appellant in turn.

### Roger Gene Ison

Subsequent to returning the verdicts, the jury considered and returned special verdicts finding that the state had proved, pursuant to A.R.S. § 13-604.01(B), that appellant Ison was on parole or other release at the time of the crimes and that he had not committed the crimes using a deadly weapon or dangerous instrument.

Appellant was sentenced to the following terms: Counts I and II, aggravated terms of 14 years each; Counts III and IV, six months in jail each; Counts V & VI, aggravated terms of 10 years each, and Counts VII and VIII, aggravated terms of 14 years each, all to run concurrently, with time credited for days served prior to sentencing.

Appellant raises the following issues: (1) The state failed to prove that he was on parole or release and the jury should therefore not have been given the question; (2) The indictment's charge of robbery of the Blossom Shop is a legal impossibility as it is not a person against whom force or violence can be used and therefore Count I should have been dismissed; (3) For the same reason, theft of the Blossom Shop must also be dismissed, and (4) that assault charges against appellant as to Frank Wells must be dismissed for lack of evidence.

■ We turn first to the finding of the jury that appellant was on parole or release. A.R.S. § 13-604.01(B) reads:

Notwithstanding any provision of law to the contrary, a person convicted of any felony offense not included in subsection A of this section if committed while the person is on probation for a conviction of a felony offense, or parole, work furlough or any other release from confinement for conviction of a felony offense shall be sentenced to a term of not less than the presumptive sentence authorized for the offense, and the person is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31-233, subsection A or B until the sentence imposed by the court has been served. A sentence imposed pursuant to this subsection shall be consecutive to any other sentence from which the convicted person had been temporarily released.

The sole evidence presented on the question of appellant's release was the certified copies of judgment and sentence, and of fingerprints and photos taken of appellant by the Texas Department of Corrections. There was no evidence offered as to whether appellant's presence in Cochise County, Arizona, one year after having been sentenced to a two-year term in Texas, was due to parole, commutation of sentence, pardon, early release, or escape. The prosecutor made no argument except that the copy of the judgment and sentence showed he had been sentenced, and that if he were serving his full term, he would still be incarcerated, and that therefore he was on parole or release at the time of the incident in Cochise County.

We do not believe this was sufficient. The state argues that the jury's determination was of no significance because the judge and the probation officer also found that appellant was on release. It is clear that the judge's determination at sentencing that appellant was on parole was based entirely upon the jury's verdict and was not an independent finding on appellant's status. Also, there is no indication in the probation officer's presentence report that he made any independent determination of appellant's status other than the jury's finding. While the prior criminal history cited one date of discharge from a previous incarceration, it did not note the date or

terms of the discharge from the Texas conviction.

The sentencing judge relied upon the jury verdict, and the jury ought not to have been permitted to make such a finding on the basis of the evidence submitted to it. We must remand this case for resentencing. Upon remand, the state may submit any additional evidence of the appellant's status with the Texas Department of Corrections at the time the Arizona crimes were committed.

■ The indictment by which appellant was tried charged him with robbery of the Blossom Shop, in violation of A.R.S. § 13–1904 and § 13–301, and stealing from the Blossom Shop, in violation of §§ 13–1802 and 13–301. Section 13–301 is our accomplice statute. Section 13–1904 is the statute classifying some robberies as armed robberies. It refers to § 13–1902 for the definition of the crime of robbery, as follows:

> A. A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

Appellant contends that because the Blossom Shop was not identified as a legal or natural person, the crime of robbery could not have been committed urges that the conviction on that count be dismissed since the indictment was defective.

The state asserts that under Rule 13.5(b), Rules of Criminal Procedure, 17 A.R.S., "The charging document shall be deemed amended to conform to the evidence adduced at any court proceeding." In addition, we find that under Rule 13.5(c), "No issue concerning a defect in the charging document shall be raised other than by a motion filed in accordance with Rule 16." Rule 16.1 states:

> *    *    *    *    *    *

b. All motions shall be made no later than 20 days prior to the date set for trial.

c. Any motion, defense, objection, or request not timely raised under Rule 16.-1(b) shall be precluded, unless the basis therefor was not then known, and by the exercise of reasonable diligence could not then have been known, and the party raises it promptly upon learning of it.

These rules have been considered by Division One of this court on two occasions. In both *State v. Reed*, 121 Ariz. 547, 592 P.2d 381 (App.1979) and *State v. Puryear*, 121 Ariz. 359, 590 P.2d 475 (App.1979) defects in the charging document were waived absent timely objection.

In a case somewhat similar to the instant case, the charging document charged robbery against a corporation, also an inanimate object, and the defendant alleged that the document therefore did not charge an offense. Our supreme court said in *State v. Van Vliet*, 108 Ariz. 162, 494 P.2d 34 (1972):

> An information is valid if it apprises the defendant of the essential elements of the crime charged, is sufficiently definite to advise him of what he must be prepared to meet, and protects him from further prosecution for the same offense.... An information is sufficient if it clearly sets forth the offense in such manner as to enable a person of common understanding to know what is intended. Simplicity rather than technicality is the goal to be achieved. 108 Ariz. at 163, 494 P.2d 34 (citations omitted).

The first time that the insufficiency of the charge was alleged was on a motion for a directed verdict made to the court following submission of the case to the jury. The motion was renewed following return of the guilty verdicts. Appellant's counsel did not argue this except to join the motion of co-defendant Sowards. We hold that the defect in the indictment was waived by failure to raise the issue in a Rule 16 motion.

■ Appellant's third issue is meritless. There is no requirement in the stat-

utes that the victim of a theft be a natural person, and it was sufficient that the Blossom Shop as an entity owned the cash which was taken from the cash box. In light of other findings we make, we need not consider this issue further.

■ Appellant finally argues that the aggravated assault charges as to Frank Wells must be dismissed for lack of evidence that appellant perpetrated the assault. The indictment indicates that the statutes under which appellant was charged included § 13–301, Arizona's accomplice statute. A.R.S. § 13–302 indicates that criminal liability may be based upon conduct as an accomplice or upon one's own conduct. The jury was properly instructed on accomplice liability as to each charge and each defendant. Ample evidence through the testimony of three persons placed appellant in the shop with the other two persons charged, and showed that he was participating in the criminal activity of his own volition. There was sufficient evidence to convict him of the aggravated assault of Frank Wells.

■ Counsel for appellant makes no mention of the charge and conviction of both theft and robbery of both the shop and Frank Wells. Nor does he raise an objection on appeal to the fact that the judge sentenced appellant on both robbery and theft. Nevertheless, we must consider the propriety of these convictions and sentences. Our supreme court in *State v. Celaya*, 135 Ariz. 248, 660 P.2d 849 (1983) adopted the reasoning in *State v. Yarbrough*, 131 Ariz. 70, 638 P.2d 737 (App. 1981) and held that theft as defined in A.R.S. § 13–1802(A)(1) is a lesser-included offense of robbery, A.R.S. § 13–1902. The facts by which appellant was charged with the robbery of the Blossom Shop were the same facts by which he was charged with theft (stealing) from the Blossom Shop. The facts under which he was charged with robbery of Frank Wells are the same under which he was charged with the theft (stealing) from Frank Wells. The state notes in its reply brief to Sowards' appeal that "under these circumstances, theft is a lesser-in-

cluded offense of robbery and the court should not have instructed the jury on theft, and the appellant could not be legally convicted of theft." Conviction and sentencing for both robbery and theft violates appellant's constitutional protection against double punishment, and the convictions and sentences for theft of the Blossom Shop and of Frank Wells, Counts III and IV, must be vacated.

■ Although not raised by appellant, we note that when aggravated assault and armed robbery arise from the same fact situation, aggravated assault can be a lesser-included offense of armed robbery and convictions for the two may not stand. *See State v. Jorgenson*, 108 Ariz. 476, 502 P.2d 158 (1972); *State v. Horton*, 108 Ariz. 16, 492 P.2d 395 (1972). We have reviewed the record in light of this and find as to the count alleging armed robbery and aggravated assault of Frank Wells, that the charges can be found to have arisen from different facts and thus be separate crimes, the first to take his money, the second to immobilize him and prevent discovery. Although we again consider the issue of the indictment charge that appellant robbed the Blossom Shop, it can be found that the robbing of Mrs. Smith, the proprietor of the shop, and the aggravated assault wherein she was bound and moved, were two crimes, the first done to obtain money, the second to enable the three men to take her with them or to immobilize her to prevent their discovery and apprehension. *Cf. State v. Ring*, 131 Ariz. 374, 641 P.2d 862 (1982). Therefore, the aggravated assault of each victim is not the same crime as the armed robbery of each. The convictions and sentences for aggravated assault may stand.

As to appellant Ison, we affirm the convictions for armed robbery (two counts), aggravated assault (two counts), kidnapping (two counts). We vacate the conviction and sentencing on the two theft counts, and we remand to the lower court for resentencing. If the appellant's status as being on parole or any other release pursuant to A.R.S. § 13–604.01 is proven,

the sentence shall be affirmed as modified. If, however, such was not appellant's status, his sentence shall be amended to remove all references to A.R.S. § 13–604.01. An order showing reconsideration of appellant's status and the resulting sentence shall be entered by the trial judge.

### Clyde Terry Sowards

Subsequent to verdicts already cited, the jury returned a special verdict as to appellant Sowards finding that pursuant to A.R.S. § 13–604(G), he had used a deadly weapon or dangerous instrument, a knife, at the time he committed the offenses.

Appellant thereafter received the following aggravated sentences: Counts I and II, 21 years each; Counts V and VI, 15 years each; Counts VII and VIII, 21 years each, and Counts III and IV, six months in jail (not aggravated).

Appellant argues the following on appeal: (1) As to the counts alleged for acts against Frank Wells, the court erred in not granting a Rule 20 motion for judgment of acquittal for lack of substantial evidence warranting conviction; (2) it was error to prosecute and convict appellant on the charge of robbery of the Blossom Shop; (3) the convictions for theft and aggravated assault must be reversed if both robbery convictions are upheld inasmuch as they are lesser-included offenses of robbery, and (4) the prosecutor's comments in opening and closing statements and the statements elicited by the prosecutor from a witness constituted impermissible statements designed to arouse passion and prejudice of the jury and require reversal.

■ We have already dealt with several of the issues raised in the consideration of co-appellant Ison, and touch only briefly upon them here. The convictions and sentences for the two counts of theft cannot stand as they are lesser-included offenses of the robberies and must therefore be vacated. *State v. Celaya, supra.* As to the charge of robbery of an inanimate object, the Blossom Shop, this was raised for the first time at the conclusion of the trial when the jury had been excused to deliberate. The indictment, while technically incorrect, was sufficient to put appellant on notice as to the time, place, and nature of the offense charged, and failure to raise the defect in a Rule 16 motion waives it. "The charging document shall be deemed amended to conform to the evidence adduced at any court proceeding," per Rule 13.5(b), Rules of Criminal Procedure, 17 A.R.S.

We have also discussed aggravated assault in relation to the armed robbery counts in regard to appellant Ison. The counts stem from different facts, and the jury could find that the use of the weapon to relieve Mr. Wells and Mrs. Smith of their money was a different use than that used to tie, immobilize, and restrain the two to prevent the discovery and escape of the accused. Aggravated assault is not a lesser-included offense of the robbery here. *Cf. State v. Ring, supra.* The aggravated assault convictions will not be reversed.

■ Appellant also argues that there was insufficient evidence to connect him with any of the actions taken against Frank Wells. The appellant was tried and convicted of the robbery and assault charges under the accomplice statute, § 13–301, et seq. It is appellant's claim that at all times pertinent to Mr. Wells's involvement the appellant was outside getting the van ready to leave. Notwithstanding the applicability of the accomplice statute, Mr. Wells testified that appellant was the one who threatened him with a knife, robbed him, and shoved him around the shop. There was sufficient evidence that the jury might find that appellant had actively participated in the acts.

■ Finally, appellant argues that comments made by the prosecutor or elicited by her from other witnesses were prejudicial and constituted reversible error. As to comments elicited from Mrs. Smith concerning her emotions at various times during the robbery, we cannot find that these statements went beyond proof of the element of the crime that these actions were taken against her will.

As to the other comments cited, while some were objected to and the court more than once had to caution the prosecutor to limit her comments to what the evidence would show or showed, we do not find that the arguments concerning the duty of the jury or the concerns of the community were such as to constitute error. As for placing oneself in the role of the victims, or of considering one's relatives in the role of the victims, this argument was improper but the error is harmless in view of the overwhelming proof of guilt.

With the exception of the convictions and sentences on two counts of theft, which must be set aside, the convictions and sentences of the appellant Sowards are affirmed.

HOWARD and HATHAWAY, JJ., concur.