IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2007-0210 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| LAKI DAVID PRICE, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20054155

Honorable Gus Aragón, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Amy M. Thorson                          Tucson
                                                       Attorneys for Appellee

Robert J. Hirsh, Pima County Public Defender
  By Kristine Maish                                              Tucson
                                                       Attorneys for Appellant

H O W A R D, Presiding Judge.

**¶1**     After a jury trial, appellant Laki Price was convicted of armed robbery, aggravated robbery, and aggravated assault. The trial court sentenced him to mitigated, concurrent prison terms, the longest for seven years. On appeal, Price claims he was improperly tried by an eight-person jury and the trial court abused its discretion in denying his request for instructions on lesser included offenses. The state volunteers that one of Price's convictions violates double jeopardy principles. Finding no error, we affirm.

## Facts

**¶2**     "We view the facts in the light most favorable to sustaining the convictions." *State v. Robles*, 213 Ariz. 268, ¶ 2, 141 P.3d 748, 750 (App. 2006). Price and a man named Miguel Virgen approached the victim, a pedestrian, in a parking lot. Price told the victim to "give it up." Price then lifted his shirt to show the victim a gun that was tucked in his waist area and said, "I ain't playing." When the victim did not respond, Price drew the gun, held it by his leg, and told the victim, "I'll leave you in this parking lot." The victim gave Virgen some money from one pocket and then, after further insistence by Price, some more money from another pocket. Price and Virgen then fled but were later apprehended by police. The jury found Price guilty of armed robbery, aggravated assault, and aggravated robbery and found all three offenses to be of a dangerous nature. The court sentenced Price to concurrent, mitigated prison terms of seven years for the armed robbery, five years for the aggravated assault, and five years for the aggravated robbery. Price now appeals.

**Double Jeopardy**

¶3        Although Price does not raise the issue and, in fact, disagrees, the state asserts that aggravated assault is a lesser included offense of armed robbery. It therefore contends convicting Price of both constituted fundamental, prejudicial error and asks this court to vacate Price's conviction and sentence for aggravated assault. *See State v. Fernandez*, 216 Ariz. 545, ¶ 32, 169 P.3d 641, 650 (App. 2007) (court will not ignore fundamental error when it sees it).

¶4        Because this issue was not raised below, we review solely for fundamental error. *See State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005). But, as the state notes, double jeopardy principles prohibit convictions for both a greater offense and a lesser included offense, and a violation of double jeopardy is fundamental error. *See Fitzgerald v. Superior Court*, 173 Ariz. 539, 544, 845 P.2d 465, 470 (App. 1992); *see also State v. Siddle*, 202 Ariz. 512, n.2, 47 P.3d 1150, 1153 n.2 (App. 2002). We review this issue de novo. *See Siddle*, 202 Ariz. 512, ¶ 7, 47 P.3d at 1153.

¶5        For double jeopardy purposes, a lesser included offense and the greater offense of which it is a part constitute the same offense, and multiple punishments for the same offense are not permissible. *See Lemke v. Reyes*, 213 Ariz. 232, ¶¶ 16-18, 141 P.3d 407, 413 (App. 2006); *Siddle*, 202 Ariz. 512, ¶¶ 7-8, 47 P.3d at 1153-54. But two offenses are not the same if "'each [offense] requires proof of an additional fact which the other does not.'" *State v. Eagle*, 196 Ariz. 188, ¶ 6, 994 P.2d 395, 397 (2000), *quoting Blockburger*

3

*v. United States*, 284 U.S. 299, 304 (1932) (alteration in *Eagle*). To determine whether offenses are the same, we analyze the elements of the offenses, not the facts of the case.[1] *Siddle*, 202 Ariz. 512, ¶ 10, 47 P.3d at 1154.

¶6 A person commits aggravated assault by using a deadly weapon or dangerous instrument while:

> 1. Intentionally, knowingly or recklessly causing any physical injury to another person; or
>
> 2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or
>
> 3. Knowingly touching another person with the intent to injure, insult or provoke such person.

A.R.S. § 13-1203(A); *see also* A.R.S. § 13-1204(A)(2).[2] A person commits armed robbery by, while armed with or threatening with a deadly weapon, dangerous instrument, or

---

[1]Some Arizona authority suggests consideration of the charging document is appropriate in a double jeopardy analysis. *See State v. Welch*, 198 Ariz. 554, ¶¶ 6-7, 12 P.3d 229, 230-31 (App. 2000); *State v. Chabolla-Hinojosa*, 192 Ariz. 360, ¶¶ 10-12, 965 P.2d 94, 96-97 (App. 1998). The state does not ask us to analyze the charging document in this case in the context of the double jeopardy issue, and in any event, we question whether doing so would be appropriate. *See United States v. Dixon*, 509 U.S. 688, 708 n.12 (1993) (rejecting view that, after finding no double jeopardy violation under *Blockburger* test, court should nevertheless analyze "whether the nature of the acts as alleged supported such a claim"); *see also Lemke*, 213 Ariz. 232, n.2, 141 P.3d at 412 n.2 (Arizona and federal double jeopardy protections "coextensive"); *State v. Sanders*, 205 Ariz. 208, ¶ 65, 68 P.3d 434, 448 (App. 2003) (stating Supreme Court in *Dixon* held *Blockburger* test "is the only permissible interpretation of the double jeopardy clause").

[2]The indictment did not include a particular subsection of § 13-1203(A). But we note that the facts presented at trial supported aggravated assault only under § 13-1203(A)(2), and the jury was instructed only on that subsection.

4

simulated deadly weapon, threatening or using force against another person "with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property." A.R.S. § 13-1902(A); *see also* A.R.S. § 13-1904(A).

**¶7** Armed robbery can be committed without injuring or touching the victim, so aggravated assault committed pursuant to § 13-1203(A)(1) and (3) has elements that armed robbery does not. And armed robbery does not require either intending to place or actually placing the victim in fear, *see State v. Miguel*, 125 Ariz. 538, 541, 611 P.2d 125, 128 (App. 1980), whereas aggravated assault committed pursuant to § 13-1203(A)(2) requires both an intent to place the victim in "reasonable apprehension of imminent physical injury" and that such apprehension actually results. *See State v. Rineer*, 131 Ariz. 147, 148-49, 639 P.2d 337, 338-39 (App. 1981). Finally, armed robbery requires proof of elements that aggravated assault does not, including the taking of property. *See* § 13-1902(A); *State v. Lopez*, 158 Ariz. 258, 264, 762 P.2d 545, 551 (1988). Because each offense requires proof of a fact that the other does not, armed robbery and aggravated assault are not the "same offense" for double jeopardy purposes.

**¶8** The state relies on *State v. Sowards*, 147 Ariz. 185, 709 P.2d 542 (App. 1984), where this court said "aggravated assault can be a lesser-included offense of armed robbery." *Id.* at 190, 709 P.2d at 547. But the court's discussion makes clear that it was actually analyzing whether the offenses constituted separate acts under the facts of that case. First, the two cases the court cited in support of its proposition did not analyze whether

5

aggravated assault was by definition a lesser included offense of armed robbery, but rather whether convictions for both offenses were permissible under former A.R.S. § 13-1641, which prohibited multiple convictions for the same act.[3] *See State v. Jorgenson*, 108 Ariz. 476, 477, 502 P.2d 158, 159 (1972); *State v. Horton*, 108 Ariz. 16, 17-18, 492 P.2d 395, 396-97 (1972). Second, the court in *Sowards* went on to analyze the facts of that case, concluding "the aggravated assault of each victim [was] not the same crime as the armed robbery of each." *Sowards*, 147 Ariz. at 190, 709 P.2d at 547. As discussed above, determining whether an offense is a lesser included offense of another for double jeopardy purposes depends on the elements of the offenses, not on the facts of the case. *See Siddle*, 202 Ariz. 512, ¶ 10, 47 P.3d at 1154. Thus, the court in *Sowards* did not use the term "lesser-included offense" to mean "same offense" for double jeopardy purposes. *Sowards* therefore does not support the state's argument.

**¶9** We conclude that, for double jeopardy purposes, aggravated assault is not the same offense as armed robbery, and convictions for both offenses were constitutionally permissible.

### Twelve-Person Jury

**¶10** Price contends he faced imprisonment of thirty years or more and therefore was entitled to a twelve-person jury. Although he failed to raise this issue in the trial court

---

[3]Section 13-1641 was later renumbered as A.R.S. § 13-116 and amended to provide that a single act may be punished under multiple statutes, but the sentences must be concurrent. 1977 Ariz. Sess. Laws, ch. 142, § 141.

and therefore forfeited all but fundamental error review, *see State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005), the failure to empanel a jury of twelve when required constitutes fundamental, prejudicial error. *See State v. Henley*, 141 Ariz. 465, 469, 687 P.2d 1220, 1224 (1984). *But see State v. Ring*, 204 Ariz. 534, ¶¶ 106-07, 65 P.3d 915, 946-47 (2003) (Feldman, J., concurring in part and dissenting in part) (describing trial to insufficient number of jurors as structural error).

**¶11** A defendant exposed to potential imprisonment of thirty years or more at the time the jury begins deliberations is entitled to a twelve-person jury. Ariz. Const. art. II, § 23; *State v. Smith*, 197 Ariz. 333, ¶ 16, 4 P.3d 388, 393 (App. 1999); *State v. Thorne*, 193 Ariz. 137, 138, 971 P.2d 184, 185 (App. 1997). In determining the length of a defendant's potential sentence, we take into account allegations of sentence enhancements, *see State v. Prince*, 142 Ariz. 256, 259, 689 P.2d 515, 518 (1984), and whether the sentences could be imposed consecutively.[4] *See Henley*, 141 Ariz. at 468, 687 P.2d at 1223.

**¶12** Here, the state alleged the dangerous nature of the offenses. Thus, when the jury began deliberations, Price faced maximum prison terms of twenty-one years for armed

---

[4]As the state notes, at sentencing defense counsel referred to a pretrial agreement that the sentences would have to run concurrently. But because we cannot determine from the record if the agreement attained the level of a stipulation that the offenses arose from a single act, we cannot rely on it in resolving the issue before us. *Cf. Thorne*, 193 Ariz. at 138, 971 P.2d at 185 (eight-person jury appropriate where state stipulated two counts were one act, thereby reducing maximum sentence "in a timely manner").

robbery, fifteen years for aggravated assault, and fifteen years for aggravated robbery. *See* A.R.S. §§ 13-604(I); 13-1204(A)(2), (B); 13-1903; 13-1904. Because none of these individual sentences is thirty years or more, the resolution of this issue turns on whether the sentences could have run consecutively.

¶13 As discussed above, aggravated assault and armed robbery are not the same offense for double jeopardy purposes. And the state does not suggest that aggravated assault and aggravated robbery are the same offense. Therefore, we agree with Price that double jeopardy principles would present no impediment to consecutive sentences. *See Eagle*, 196 Ariz. 188, ¶ 6, 994 P.2d at 397. But that does not end our analysis. Section 13-116, A.R.S., prohibits consecutive sentences for multiple offenses that constitute a single act and could bar consecutive sentences even though double jeopardy principles do not. *See Siddle*, 202 Ariz. 512, ¶¶ 16-17, 47 P.3d at 1155.

¶14 Price argues consecutive sentences were permissible under § 13-116. To determine whether conduct constitutes a single act for purposes of § 13-116, we apply the test set forth in *State v. Gordon*, 161 Ariz. 308, 778 P.2d 1204 (1989).

> First, we must decide which of the two crimes is the "ultimate charge—the one that is at the essence of the factual nexus and that will often be the most serious of the charges." Then, we "subtract[] from the factual transaction the evidence necessary to convict on the ultimate charge." If the remaining evidence satisfies the elements of the secondary crime, the crimes may constitute multiple acts and consecutive sentences would be permissible. We also consider whether "it was factually impossible to commit the ultimate crime without also committing the secondary crime." Finally, we consider whether

8

the defendant's conduct in committing the lesser crime "caused the victim to suffer a risk of harm different from or additional to that inherent in the ultimate crime."

*State v. Urquidez*, 213 Ariz. 50, ¶ 7, 138 P.3d 1177, 1179 (App. 2006), *quoting Gordon*, 161 Ariz. at 315, 778 P.2d at 1211 (internal citations omitted; alteration in *Urquidez*). Although our double jeopardy analysis above depended on comparing the elements of the offenses, "our analysis under § 13-116 focuses on the 'facts of the transaction' to determine if the defendant committed a single act." *Siddle*, 202 Ariz. 512, ¶ 17, 47 P.3d at 1155, *quoting Gordon*, 161 Ariz. at 313 n.5, 778 P.2d at 1209 n.5.

¶15 Here, the ultimate offense was either aggravated robbery or armed robbery. *See State v. Alexander*, 175 Ariz. 535, 537, 858 P.2d 680, 682 (App. 1993) (aggravated robbery ultimate offense where "[t]he object of the episode was to rob the victim"; burglary, theft, and aggravated assault "simply ancillary"). Because Price does not argue that the sentences for the two robbery offenses could run consecutively, we analyze whether the sentence for aggravated assault could have run consecutively to either the aggravated robbery sentence or armed robbery sentence.

¶16 The facts necessary to convict on aggravated robbery are that Price and Virgen threatened to use force against the victim, demanded money, and in fact received the money. *See* §§ 13-1902(A); 13-1903(A). Subtracting that evidence from the factual transaction, the record contains no evidence of an act that could have placed the victim in "reasonable apprehension of imminent physical injury." § 13-1203(A)(2). The facts necessary to convict

9

on armed robbery are that Price, armed with a gun, threatened force against the victim, demanded money, and in fact received the money. §§ 13-1902(A); 13-1904(A). Subtracting that evidence from the factual transaction, the record contains no evidence of a deadly weapon or an act that could have placed the victim in "reasonable apprehension of imminent physical injury," both of which were required to convict Price of aggravated assault in this case. *See* §§ 13-1203(A)(2); 13-1204(A)(2). Thus, whether armed robbery or aggravated robbery is the ultimate offense, there was insufficient evidence to prove aggravated assault after subtracting the evidence necessary to prove the armed robbery or aggravated robbery. The first *Gordon* factor therefore supports the conclusion that Price committed a single act.[5]

¶17     Price does not argue that the second *Gordon* factor supports his claim that he committed multiple acts; instead, he contends the third *Gordon* factor, the type of risk to the victim, is dispositive. But Price committed aggravated assault and both robberies by using a gun to threaten the victim, thus exposing the victim to the same risks in committing all three offenses.

¶18     Price nevertheless contends that armed robbery exposes the victim to the risk of only a simulated deadly weapon, whereas aggravated assault requires proof of an actual

---

[5]The state asserts that we need go no further than the first factor. But in light of authority analyzing the second and third *Gordon* factors even when the first does not support consecutive sentences, *see Siddle*, 202 Ariz. 512, ¶ 18, 47 P.3d at 1156, we address Price's argument regarding the third *Gordon* factor.

deadly weapon. However, although the elements of the statutes are different, the focus in a *Gordon* analysis is on Price's actual conduct. *See Siddle*, 202 Ariz. 512, ¶ 17, 47 P.3d at 1155. Price used a deadly weapon to commit both aggravated assault and armed robbery. Therefore, the risk of harm to the victim under the facts of this case was the same.

¶19　　　　Price also contends the requirement that the defendant intentionally place the victim in reasonable apprehension of immediate physical injury is an added risk of harm in committing aggravated assault. But, again, a *Gordon* analysis examines the facts of the case, not the elements of the offense. Price's *conduct* in committing both aggravated assault and armed robbery posed the same risks of harm to the victim here.

¶20　　　　The first and third *Gordon* factors support the conclusion that Price committed a single act, and Price does not argue the second *Gordon* factor supports his position. Accordingly, we conclude Price's conduct was a single act under *Gordon* and § 13-116, making consecutive sentences impermissible. The maximum sentence Price faced was a total of twenty-one years in prison. Thus, he was not entitled to a twelve-person jury, and the trial court did not err in empaneling a jury of eight.

**Denial of Instructions on Lesser Included Offenses**

¶21　　　　Price also argues the trial court erred in refusing to give the jury instructions he requested on robbery and assault as lesser included offenses. We review the court's denial of a requested jury instruction for an abuse of discretion. *State v. Wall*, 212 Ariz. 1, ¶ 12, 126 P.3d 148, 150 (2006). "A defendant is only entitled to a lesser included offense

instruction if there is evidence upon which the jury could convict of the lesser offense and find the state had failed to prove an element of the greater offense." *State v. Conroy*, 131 Ariz. 528, 532, 642 P.2d 873, 877 (App. 1982); *see also* Ariz. R. Crim. P. 23.3. Merely asserting the jury might have disbelieved the evidence supporting an element of the greater offense is insufficient. *Wall*, 212 Ariz. 1, ¶ 18, 126 P.3d at 151. Rather, to warrant a separate instruction, "the evidence must be such that a rational juror could conclude that the defendant committed only the lesser offense." *Id.*

¶22 Here, the element that distinguishes the greater offenses of armed robbery and aggravated assault from robbery and assault, respectively, is the use of a weapon. *See* §§ 13-1902(A); 13-1904(A); 13-1203(A)(2); 13-1204(A)(2). Price's sole argument is that "the jury could have found that the element of the weapon, which allegedly was displayed, but not drawn, was not proven." But the victim testified that Price displayed and drew a gun during the incident. Nothing in the record suggests that use of the gun was disputed at trial.

¶23 Moreover, Price's use of the gun constituted the threat of force necessary to establish the lesser offense of robbery. *See* § 13-1902(A). It was also evidence of Price's intent to place the victim in reasonable apprehension of imminent physical injury, which was necessary to establish the lesser offense of assault. *See* § 13-1203(A)(2). Thus, had the jury disbelieved the evidence regarding Price's use of the weapon, it could not have found him guilty of either the lesser or the greater offenses. *See State v. Felix*, 153 Ariz. 417, 419-20, 737 P.2d 393, 395-96 (App. 1986). Because Price does not point to any evidence from

12

which a rational jury could find that he was guilty of only the lesser offenses of robbery and assault but not the greater offenses of armed robbery and aggravated assault, we conclude that the trial court did not abuse its discretion in refusing to instruct on the lesser offenses.

**Conclusion**

¶24      For the foregoing reasons, we affirm Price's convictions and sentences.

_____
JOSEPH W. HOWARD, Presiding Judge

CONCURRING:

_____
JOHN PELANDER, Chief Judge

_____
J. WILLIAM BRAMMER, JR., Judge