NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

IVAN TINEO FIGUEROA, *Appellant.*

No. 1 CA-CR 19-0082
1 CA-CR 19-0273
(Consolidated)

FILED 4-9-2020

Appeal from the Superior Court in Maricopa County
No.  CR2014-001424-001
CR2014-109338-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

Ivan Tineo Figueroa, San Luis
*Appellant*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge James B. Morse Jr. joined.[1]

---

**J O H N S E N**, Judge:

**¶1**        Ivan Tineo Figueroa filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his resentencing after this court vacated and remanded consecutive sentences that had been imposed in violation of Arizona Revised Statutes ("A.R.S.") section 13-116 (2020).[2] *See State v. Figueroa*, 1 CA-CR 16-0193, 2018 WL 4374613, at *1, *6, *8, ¶¶ 1, 44, 49, 62 (Ariz. App. Sept. 13, 2018) (mem. decision). Figueroa's counsel searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259, 284 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Counsel asked this court to search the record for fundamental error. Figueroa filed a supplemental brief identifying various issues, which we address below.

**¶2**        After this court's review of the record revealed possible violations of A.R.S. § 13-116 arising from the resentencing, we ordered briefing pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988). For the reasons that follow, we affirm Figueroa's sentences as modified.

---

[1]        Judge Johnsen was a sitting member of this court when the matter was assigned to this panel of the court. She retired effective February 29, 2020. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145 (2020), the Chief Justice of the Arizona Supreme Court has designated Judge Johnsen as a judge *pro tempore* in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during her term in office. *See* Ariz. S. Ct., Admin. Order No. 2020-35.

[2]        Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

## FACTS AND PROCEDURAL BACKGROUND

¶3        Figueroa committed a series of crimes against multiple victims in a single day, including entering victims' homes or yards, demanding their car keys, pointing a gun at several victims, and stealing their cars or other belongings.[3]  The facts are further detailed in our decision in Figueroa's first appeal from his convictions and sentences, *see Figueroa*, 2018 WL 4374613, at *1-2, ¶¶ 2-13.  We need not recount them here in their entirety.

¶4        At trial, a jury convicted Figueroa of the following offenses:[4]

- Count 1: armed robbery, a Class 2 dangerous felony;
- Count 2: armed robbery, a Class 2 dangerous felony;
- Count 4: theft of means of transportation, a Class 3 felony;
- Count 5: kidnapping, a Class 2 dangerous felony;
- Count 6: attempted kidnapping, a Class 3 dangerous felony;
- Count 7: aggravated assault, a Class 3 dangerous felony;
- Count 8: aggravated assault, a Class 3 dangerous felony;
- Count 9: aggravated assault, a Class 3 dangerous felony;
- Count 10: aggravated assault, a Class 3 dangerous felony;
- Count 11: aggravated assault, a Class 3 dangerous felony;
- Count 13: unlawful discharge of a firearm, a Class 6 felony;
- Count 14: criminal trespass, a Class 2 misdemeanor;
- Count 15: burglary, a Class 2 dangerous felony;
- Count 16: attempted armed robbery, a Class 3 dangerous felony;
- Count 17: aggravated assault, a Class 3 dangerous felony;

---

[3]        We view the facts in the light most favorable to upholding Figueroa's sentences.  *State v. Delgado*, 232 Ariz. 182, 185, ¶ 2 (App. 2013).

[4]        We refer to the counts as renumbered in the consolidated indictment.

- Count 18: attempted armed robbery, a Class 3 dangerous felony;
- Count 19: burglary, a Class 2 dangerous felony;
- Count 20: aggravated assault, a Class 3 dangerous felony;
- Count 21: aggravated assault, a Class 2 dangerous felony and dangerous crime against children;
- Count 22: armed robbery, a Class 2 dangerous felony;
- Count 23: burglary, a Class 2 dangerous felony;
- Count 24: aggravated assault, a Class 3 dangerous felony;
- Count 25: aggravated assault, a Class 2 dangerous felony and dangerous crime against children;
- Count 26: attempted armed robbery, a Class 3 dangerous felony;
- Count 27: burglary, a Class 2 dangerous felony;
- Count 28: aggravated assault, a Class 3 dangerous felony;
- Count 30: armed robbery, a Class 2 dangerous felony;
- Count 31: burglary, a Class 2 dangerous felony;
- Count 32: theft of means of transportation, a Class 3 felony;
- Count 33: attempted theft of means of transportation, a Class 4 felony; and
- Count 34: attempted robbery, a Class 5 felony.

¶5 After Figueroa appealed his convictions and sentences, we vacated three convictions (Counts 4, 32 and 33), affirmed the remaining convictions, and vacated and remanded 15 sentences because the superior court improperly imposed them consecutively to other sentences for crimes constituting the same act in violation of A.R.S. § 13-116. *Id.* at *1, *6, *8, ¶¶ 1, 44, 49, 62.

¶6 On remand, the superior court directed the parties to submit a joint sentencing memorandum "identifying the counts that need to be re-sentenced, including the length of sentence as to each count." The court precisely followed the parties' joint memorandum when it imposed the same term of years for each remanded count as it had in the original sentencing. As we directed, the court ordered the sentences on the remanded counts to be served concurrently rather than consecutively.

4

**¶7**        Figueroa timely appealed.[5]  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2020), 13-4031 (2020) and -4033(A)(4) (2020).

## DISCUSSION

**¶8**        Because we already have reviewed Figueroa's convictions and have affirmed the sentences we did not remand for resentencing, our review is limited to matters arising from the resentencing.  *See State v. Hartford* (*Hartford III*), 145 Ariz. 403, 405 (App. 1985) (validity of underlying conviction previously affirmed on appeal is "clearly beyond the scope of the matter remanded to the trial court" and thus is not reviewable in appeal from subsequent resentencing).

## A.     Consecutive Sentences Under A.R.S. § 13-116.

**¶9**        Because Figueroa did not object to the superior court's imposition of any consecutive sentences at the time of resentencing, we review for fundamental error only.  *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).  An illegal sentence constitutes fundamental error.  *State v. Martinez*, 226 Ariz. 221, 224, ¶ 17 (App. 2011).

### 1.     Legal principles.

**¶10**        As § 13-116 provides, "[a]n act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent."  To determine whether Figueroa's conduct constituted a single act requiring concurrent sentences, we first must determine which crime was the "ultimate charge – the one that is at the essence of the factual nexus" and "often . . . the most serious of the charges."  *State v. Gordon*, 161 Ariz. 308, 315 (1989).  We then "subtract[] from the factual transaction the evidence necessary to convict on the ultimate charge"; if "the remaining evidence satisfies the elements of the other crime," the conduct may constitute multiple acts.  *Id.*  In that situation, we also consider whether "it was factually impossible to commit the ultimate crime without also committing the secondary crime" and "whether the defendant's conduct in

---

[5]        We note that although Figueroa initially failed to timely file a notice of appeal in the CR2014-109338-001 matter, after the superior court granted post-conviction relief and leave to file a delayed notice of appeal, Figueroa thereafter timely appealed.

committing the lesser crime caused the victim to suffer an additional risk of harm beyond that inherent in the ultimate crime." *Id.*

### 2. Relevant facts.

¶11 As relevant here, the facts are as follows: As to victim G.G., Figueroa entered her house and asked for her car keys. After she told him the car did not work, he pulled out a gun, pointed it at her and then pointed it at her son. Figueroa then took some clothing, hopped out of the window and ran away. As to G.G., Figueroa was convicted of Counts 20 (aggravated assault), 22 (armed robbery) and 23 (burglary). The court resentenced Figueroa on Counts 22 and 23 concurrently with each other, but consecutively to Count 20. (The court originally had ordered the sentences on Counts 20 and 22 to be concurrent but Count 23 to be consecutive.)

¶12 As to victim R.O., Figueroa entered her house through the back door. R.O. told him to leave and Figueroa pulled out a gun, pointed it at her daughter and demanded the keys. R.O. told Figueroa she did not have a car, and Figueroa left. As to R.O., Figueroa was convicted of Counts 24 (aggravated assault), 26 (attempted armed robbery) and 27 (burglary). The court resentenced Figueroa on Counts 26 and 27 concurrently with each other, but consecutively to Count 24. (The court originally had ordered the sentences on Counts 24 and 26 to be concurrent but Count 27 to be consecutive.)

¶13 As to victim J.T., Figueroa jumped over the back fence and entered J.T.'s house. Figueroa sat on the couch and laid a gun between him and J.T.'s wife and asked for car keys; she replied she did not have them. Figueroa then went from the house to the front yard, where J.T. was watering, pointed a gun at J.T. and demanded the keys. Figueroa pulled the keys from J.T.'s pocket, stole the car and drove away. As to J.T., Figueroa was convicted of Counts 28 (aggravated assault), 30 (armed robbery) and 31 (burglary). The court resentenced Figueroa on Counts 30 and 31 concurrently with each other, but consecutively to Count 28. (The court originally had ordered the sentences on Counts 28 and 30 to be concurrent but Count 31 to be consecutive.)

### 3. Application of *Gordon* factors.

¶14 We first note the superior court may impose consecutive sentences under § 13-116 for crimes committed against different victims. *State v. Riley*, 196 Ariz. 40, 47, ¶ 21 (App. 1999). Our analysis, therefore, concerns Figueroa's three sets of convictions, each committed against a distinct victim: G.G., R.O., and J.T.

¶15 For each set of crimes, Figueroa entered a victim's home – and as to J.T., later his front yard – demanded the car keys while wielding a gun, and stole (or attempted to steal), the victim's belongings. Considering only the aggravated-assault and armed-robbery charges, the ultimate charge as to each of these victims was armed robbery (or attempted armed robbery).[6] *See State v. Alexander*, 175 Ariz. 535, 537 (App. 1993) (aggravated robbery ultimate charge because "object of the episode was to rob the victim" and aggravated assault was "simply ancillary"); *see also State v. Price*, 218 Ariz. 311, 313, 315, ¶¶ 2, 15 (App. 2008) (when aggravated assault was charged along with armed or aggravated robbery, latter two charges were the ultimate charges).

¶16 Figueroa's armed-robbery (or attempted armed-robbery) convictions were based on his using force or threats to take (or attempt to take) the victims' property while armed with a gun. *See* A.R.S. §§ 13-1902(A) (2020), -1904(A) (2020). The aggravated-assault convictions were based on Figueroa's "[i]ntentionally placing [the victims] in reasonable apprehension of imminent physical injury" while wielding a gun. *See* A.R.S. §§ 13-1203(A)(2) (2020), -1204(A)(2) (2020).

¶17 As for the first *Gordon* factor, after subtracting the evidence necessary to prove the armed-robbery (or attempt) charges, the remaining evidence is insufficient to satisfy the elements of the aggravated-assault charges. *See Gordon*, 161 Ariz. at 315. Without the evidence Figueroa was armed with a gun, the evidence is insufficient to prove he wielded or used that gun for purposes of the aggravated assaults. *See Price*, 218 Ariz. at 316, ¶ 18 (*Gordon* analysis focuses on defendant's "actual conduct"). Concurrent sentences therefore were required for these charges as they relate to each of the victims. *See Gordon*, 161 Ariz. at 315; *see also State v. Watson*, 1 CA-CR 18-0838, 2020 WL 284085, at *5, ¶ 20 (Ariz. App. Jan. 21, 2020) (failure to satisfy first *Gordon* factor ends inquiry).

¶18 The second and third *Gordon* factors further weigh toward a single act. It was "factually impossible to commit the [armed robberies (or attempted armed robberies)] without also committing" the aggravated assaults. *See Gordon*, 161 Ariz. at 315. For Figueroa to use a gun to take or attempt to take the victims' property, he necessarily had to place them in reasonable apprehension of imminent physical injury while wielding that gun. And because the underlying events in each episode were nearly

---

[6] Because our resolution of this issue obviates any need to analyze the burglary charges under *Gordon*, we consider only the aggravated-assault and armed-robbery charges.

simultaneous, the aggravated assaults exposed the victims to no additional risk of harm beyond that of the armed robberies (or attempted armed robberies). *See Alexander*, 175 Ariz. at 538; *see also Price*, 218 Ariz. at 316, ¶ 18.

**¶19** In sum, the conduct underlying the armed-robbery (or attempted armed-robbery) and aggravated-assault charges related to the same victim constituted the same act, and concurrent sentences were required under § 13-116. In their respective *Penson* briefs, counsel for Figueroa and the State agree (although the State argues that, under the circumstances, the error would not extend the Figueroa's aggregate term of incarceration).

**¶20** Accordingly, we modify Figueroa's sentences such that (1) Counts 20 (aggravated assault), 22 (armed robbery) and 23 (burglary) run concurrently to each other, but consecutively to the remaining sentences; (2) Counts 24 (aggravated assault), 26 (attempted armed robbery) and 27 (burglary) run concurrently to each other, but consecutively to the remaining sentences; and (3) Counts 28 (aggravated assault), 30 (armed robbery) and 31 (burglary) run concurrently to each other, but consecutively to the remaining sentences. *See State v. Wilson*, 131 Ariz. 96, 99 (1981) (modifying, without remand, illegally imposed consecutive sentence to run concurrently with remaining sentence); *see also* Ariz. R. Crim. P. 31.19(c) ("The appellate court may reverse, affirm, or modify the action of a lower court, and it may issue any necessary and appropriate order in connection with its decision.").

## B. Issues Raised in Supplemental Brief.

**¶21** Figueroa argues the superior court erred by denying his pre-trial motions to change counsel. He does not, however, contend the court's denial of his motions affected the 2019 resentencing. Instead, Figueroa argues his lack of communication with his attorney deprived him of an adequate defense at trial. Because this argument is a challenge to his underlying convictions, which we already have affirmed, *see Figueroa*, 2018 WL 4374613, at *1, ¶ 1, it is beyond the scope of our review in this appeal. *See Hartford III*, 145 Ariz. at 405.[7]

---

[7] For this reason, we also reject Figueroa's argument that insufficient evidence supported his two convictions for Counts 21 and 25 (both aggravated assaults and dangerous crimes against children). Additionally,

## C.    Due-Process Review.

**¶22**        Our review of the resentencing proceeding does not reveal any further fundamental error.  The record does not show that during the resentencing, the superior court ordered or considered a new presentence report.  *See State v. Hartford* (*Hartford II*), 133 Ariz. 328, 330 (1982) (ordering conviction remanded for resentencing, "at which time a new presentence report must be prepared").   Nonetheless, at the original sentencing proceeding, the court received and considered a "Probation Violation Report" that contained the essential elements of a presentence report, such as circumstances of the offense, Figueroa's history, and the impact of the offense on the victims.  *See* A.R.S. § 12-253(4) (2020).

**¶23**        At resentencing, the superior court stated it had "reviewed the file extensively including the sentencing memorandum provided originally by the State."  Further, the court stated it would not "resentence [Figueroa] in a more harsh manner than originally sentenced."  Indeed, just as it had done at the first sentencing, the court resentenced Figueroa to the presumptive term for all counts involving such discretion.  Thus, even assuming without deciding that error occurred, it was not fundamental error because Figueroa was not prejudiced by the absence of a new presentence report.  *See Escalante*, 245 Ariz. at 142, ¶ 21 (prejudice required under fundamental-error review).

**¶24**        Finally, other than the errors identified above, *see supra* ¶¶ 19-20, the court re-imposed legal sentences for those crimes of which Figueroa was convicted.

## CONCLUSION

**¶25**        For the foregoing reasons, we affirm Figueroa's sentences as modified, *supra* ¶ 20. Defense counsel's obligations pertaining to Figueroa's representation in this appeal have ended.  Counsel need do no more than

---

because we fully address the issue above, we need not further address Figueroa's argument that the superior court erred by imposing consecutive sentences for armed robbery and aggravated assault, or for Counts 21 and 25, under A.R.S. § 13-116.  *See supra* ¶¶ 9-20; *see also Riley*, 196 Ariz. at 47, ¶ 21 (consecutive sentences for crimes against different victims permissible under § 13-116).

inform Figueroa of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Figueroa has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Figueroa has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA